Wilde, J.,
delivered the opinion of the Court.
No rule of law can be more firmly established than the one relied on in the defence of this action. Whenever, in the description of land conveyed by deed, known monuments are referred to as boundaries, they must govern; although neither courses, nor distances, nor the computed contents, correspond with such boundaries. This has been long regarded as one of the fundamental rules in the construction of deeds. It is not, however, inflexible, but, like other rules of law, it must sometimes yield to exceptions. These are to be made in cases in which the reason of the rule or principle fails. Cessante ratione legis, cessat ipse lex. On this ground we are of opinion that the rule referred to is not applicable to this case.
The only reason given, or which can be given, why monuments are to control the courses and distances in a deed, is that the former are less liable to mistakes. If, then, it appears that no mistake can reasonably be supposed to have been made in this case, no reason remains for the application of the rule. Now it seems to me impossible that such a mistake in the measure, as is supposed by the defendant, could have been made. The first line, according to the deed, is to extend only one foot and three inches. It was measured, without doubt, by a common rule or scale. Who then can believe that the line, actually measured, was in fact three feet and six inches; and that, in measuring a line so very short, a mistake was made of two feet and three inches! Such a supposition, if not altogether impossible, is, at least, in the highest degree improbable. That no mistake was made in measuring the first line, appears by reference to the sketch or diagram on the back of the deed; for if the supposed * mistake had been made, the form of the [ * 211 ] diagram must have.been changed.
It may be safely inferred from these considerations, that no mistake has been made in the admeasurement, and that it truly describes the land intended to be conveyed. To this admeasurement we are bound to adhere, in order to effectuate the intention of the contracting parties; unless we may infer, as some of the Court think we may, that it was intended by the parties that the land conveyed should extend northwardly, as far as the line of the land of Davis, Drown, Williams; although thereby a few more feet of land might be included than was contained in the actual location. But if this construction of the deed be admitted, it will not have the effect contended for by the defendant; it will not disturb the *170 plaintiffs’ southwardly line. The land actually located by the parties will pass by the deed, whether the northwardly line be extended beyond such location or not.
When lines are laid down on a map or plan, and are referred to in a deed, the courses, distances, and other particulars appearing on such plan, are to be as much regarded as the true description of the land conveyed, as they would be, if expressly recited in the deed. This is a familiar rule of construction in all those cases, wherein no other description is given in the title-deeds, than the number of the lot on a surveyor’s plan of a township or other large tract of land.
By applying this rule to the case at bar, the southwardly line, laid down on the plan, must be considered as the boundary of the lot on that side; as much so as the line of the lot of Davis, Brown, ¡f Williams, is on the northwardly side. And it is obvious that we cannot adopt the defendant’s construction, without departing from the course of the southwardly line, as laid down on the plan.
But there is another consideration, which alone appears to me sufficient to settle this cause. At the time the land [*212 ] * in question was conveyed to the plaintiffs, they were about erecting a store; and it was stipulated in the deed, that the southwardly wall of the store should be placed exactly on the line last mentioned in the description of the land conveyed. The store was accordingly erected, and the southwardly wall was placed as it now stands, in conformity to the admeasurement and to the plan, no objection being then made to its position by the grantor. This wall, when built, was a monument; and it was referred to in the deed, although it was not at that time erected. This part of the case is similar to the case of Makepeace vs. Bancroft (1), excepting that the wall in that case did not exactly coincide with the line, as described in the deed; and in the case before us it does.
Upon no view of this case, then, ought the defendant’s motion for a new trial to prevail; and judgment must be entered according to the verdict.

 14 Mass. Rep. 469.