## ASA MURDOCK *vs.* FRANCIS L. CHAPMAN.

A mortgage of land passes the grantor's title, though it be only in mortgage.

A mortgage described the land mortgaged as running westerly from a certain point a certain distance "to land of R., thence southerly at right angles by said R.'s land," &c. "being lots Nos. 3, 4, 5 and 6 on a plan" described and recorded, and the courses and distances on which corresponded to those in the deed. *Held,* that the four lots passed, though lot 5 was owned by R. and mortgaged to the grantor.

WRIT OF ENTRY to recover land in Cambridge, being lots 3, 4, 5 and 6 on a plan of Joseph Porter, made in September 1847, and recorded in the registry of deeds in 1850, the material part of which is copied in the margin.* Each of the lots was seventy six feet wide, and bounded by Avon Street on the north, and by land of Charles McIntire on the south. The tenant pleaded the general issue as to lots 4 and 5, and disclaimed all right in lots 3 and 6. The case was submitted to the decision of the court upon the following facts:

On the 1st of October 1847 Porter, being seised in fee of all these lots, conveyed lot 5 to George W. Randall in fee, who immediately mortgaged it back. On the 18th of September 1848 Porter mortgaged to Thomas Stearns "a certain piece of land situated on the westerly side of North Avenue, in the city of Cambridge, and southerly of a new street called Avon Street, bounded and described as follows, viz.: Beginning at a point on the southerly line of said Avon Street, at a stake which stands one hundred and fifty five feet westerly of the westerly line of said North Avenue, at the corner of lot No. 2 on a plan of building lots in Cambridge, belonging to J. Porter," (being the plan

Avon Street.

6    5    4    3    2    1

North Avenue.

Charles McIntire.

above mentioned,) "thence running westerly by said Avon Street three hundred and four feet to land of George W. Randall; thence at right angles southerly by said Randall's land seventy six feet to land now of Charles McIntire; thence easterly by said McIntire three hundred and four feet to a stake; thence northerly by lot No. 2 on said plan, now belonging to me, seventy five feet six inches to the place of beginning, being lots No. 3, No. 4, No. 5 and No. 6 on said plan." This mortgage to Stearns was assigned by him on the 25th of April 1850 to Almon Abbott, who on the next day made an open and peaceable entry for breach of condition of said mortgage, and on the 3d of February 1854 sold the premises, under a power in said mortgage, to the demandant. On the 14th of March 1851 Randall reconveyed to Porter lot 5, Porter discharging his mortgage; and on the 23d of September 1853 Porter gave a deed of lot 5 to the tenant. On the 2d of November 1854 the demandant conveyed lots 3 and 4 to the tenant, who immediately conveyed lot 3 to another person.

*J. P. Converse*, for the demandant.

*D. E. Ware*, for the tenant. In the construction of deeds, distances are controlled by monuments; and a line is a monument. *Flagg* v. *Thurston*, 13 Pick. 145. *Cook* v. *Babcock*, 7 Cush. 526. A description by monuments controls a plan referred to in the deed. *Tenny* v. *Beard*, 5 N. H. 58. *Esmond* v. *Tarbox*, 7 Greenl. 61. *Worthington* v. *Hylyer*, 4 Mass. 196. *Loomis* v. *Jackson*, 19 Johns. 449. In the deed of Porter to Stearns, the monuments describe only lots 3 and 4, and of themselves make a complete description.

At the time of entry for foreclosure, the title to lot 5 was in Randall, so that as to that lot there was no foreclosure, and no title passed by the subsequent assignment to the demandant.

BIGELOW, J. The only question in this case is whether the deed of Porter to Stearns, dated September 18th 1848, under which the demandant claims title, conveyed lot No. 5. If this lot was included in the description, then, although it had been previously conveyed to Randall by Porter, the latter was still mortgagee thereof, and his deed to Stearns would pass his

mortgage title, which was paramount to that of the tenant *Hunt* v. *Hunt*, 14 Pick. 380. *Freeman* v. *M' Gaw*, 15 Pick. 86.

The position assumed by the tenant is that this lot was not conveyed by the deed from Porter to Stearns, because the premises conveyed are described as running "westerly by Avon Street three hundred and four feet to land of George W. Randall, thence at right angles southerly by said Randall's land seventy six feet to land of Charles McIntire." This description, standing by itself, without anything else in the deed to explain or control it, would certainly exclude lot No. 5, which had been previously conveyed to Randall. But, taken in connection with the residue of the description, it was clearly a misdescription of the land intended to be conveyed, and must be rejected as *falsa demonstratio*. The deed expressly refers to a plan and conveys lots numbered 3, 4, 5 and 6 on said plan. By the well settled rule of construction in this commonwealth, when a plan is referred to in a deed, as part of the description, all the particulars appearing on such plan are to be regarded as if they had been fully set forth in the deed. *Morgan* v. *Moore*, 3 Gray, 319. Lot No. 5 was therefore as fully conveyed by the deed, as if it had been described in detail by courses, distances and boundaries. The plain intent of the parties must govern. The admeasurements, the plan and the express terms of the grant show that the intention was to grant lot No. 5 as well as the other lots named in the deed. If full effect were given to the boundary by Randall's land, it would contravene all the other terms of description in the deed. This is a case therefore where the usual rule, that monuments are to govern in the construction of deeds, must give way, because an adherence to it would be plainly inconsistent with the intent of the parties to the conveyance, and would require effect to be given to a single erroneous description, at the sacrifice of all the other terms by which the premises intended to be granted were indicated. It falls within the recognized exception to the rule, as established in *Davis* v. *Rainsford*, 17 Mass. 207. *Judgment for the demandant.*