Christopher Carli,

*vs.*

George W. Taylor et al.

A mortgage which had been duly recorded was assigned by deed endorsed upon it, and describing it, as "the within described mortgage." Said deed of assignment was also recorded on a subsequent page of the volume of records in which the mortgage was recorded and the mortgage was not recorded with it. The mortgage was afterwards foreclosed by advertisement. *Held:* That the assignment was recorded within the provision, that if the mortgage has been assigned, all the assignments thereof must have been recorded, to entitle any party to make such foreclosure.

This action was brought in the district court for Washington county, against George W. Taylor, Mackey and others, to set aside a foreclosure sale of certain real estate

mortgaged by the plaintiff to the defendant Taylor, and all deeds and agreements respecting such real estate subsequent to such foreclosure, and for leave to redeem the property, &c.

The facts are substantially as follows: On the 23d January, 1861, the plaintiff executed to the defendant Taylor a mortgage to secure the payment of five promissory notes, payable at different dates respectively. The first two notes were paid. On the 15th July, 1862, Taylor assigned the mortgage and the three remaining notes to the defendant Mackey. The assignment was made upon the original mortgage, which after the formal parts, recited that said Taylor had "granted, bargained, sold, assigned, transferred and set over  *  *  *  the within described mortgage," &c. The assignment was recorded, but the mortgage itself was not recorded with the assignment. Mackey afterwards foreclosed the mortgage by advertisement, and bid off the premises at the sale; and subsequently quit-claimed the premises to another of the defendants.

The cause was tried by a referee, who found as a conclusion of law, that the foreclosure was illegal, for the reason that the instrument of assignment was not properly recorded, on account of the omission to record the original mortgage mentioned and referred to in the assignment at the same time.

Judgment was entered upon the report of the referee setting aside the foreclosure, &c., and from said judgment the defendants appeal to this court.

L. E. THOMPSON and SMITH & GILMAN for Appellants.

A. B. STICKNEY and BRISBIN & PALMER for Respondent.

Carli v. Taylor et al.

*By the Court*—RIPLEY, CH. J.—On the 23d day of January, 1861, the respondent, by mortgage containing the usual power of sale duly executed, acknowledged and recorded, mortgaged certain real estate to defendant Taylor, to secure five promissory notes of even date therewith, one for $525 at six months, one for $555 at twelve months, one for $575 at eighteen months, one for $615 at twenty-four months, and one for $723.38 at thirty months.

The first two notes were paid. Afterwards, on the 15th day of July, 1862, Taylor sold said three remaining notes and mortgage, to defendant Mackey, and assigned and transferred the same to him by deed of that date indorsed upon said mortgage and duly executed and acknowledged to entitle it to record.

The description given in the assignment is in the following words: " *The within described mortgage, together with the bond or obligation therein described, and the money due or to grow due thereon with the interest.*" Said assignment was recorded, but the mortgage was not recorded with it. Said mortgage was foreclosed on the 17th of September, 1862, for non-payment of the third note, by sale of the premises by advertisement, and said Mackey became the purchaser. The referee before whom this case was tried found that said assignment had not been recorded; considering that the aforesaid reference to the mortgage made it a part of the assignment within the registry law requiring all instruments to be recorded " *at large and in full word for word.*" *Comp. Stat., ch.* 35, *sec.* 4, *p.* 404. But we do not think that the law is to be so construed.

It is true that where one instrument refers to another for any purpose, as where one deed refers to another for a description of the premises granted or intended to be granted, the latter, for the purpose and to the extent of the reference,

vol. 15—12

will be deemed in law to be incorporated into the former and made a part of it. *Foss vs. Crisp*, 2 *Pick.*, 121, 123. *Allen vs. Bates*, 6 *Pick*, 460. *Davis vs. Rainsford*, 17 *Mass.*, 207, 211. 2 *Washburn Real Prop.*, 638. This is for the purpose of carrying out and giving effect to the intent of the parties. But it is a very different thing to say, that the legislature meant that everything, that the law, for the purpose aforesaid, would so deem to be a part of the instrument which referred to it, must be recorded with it, or the instrument itself to be deemed not to have been duly recorded. Such a construction would give rise to endless questions as to what must or must not be recorded.

Common as this form of assignment is, the question made in this case, so far as we are aware, is a new one. Nor is any instance of the mode of recording contended for recollected, though it is the practice in some counties in this State to record such assignments in the margin of the original record of the mortgage; and as no authorities are cited in support of the construction contended for by the respondent, it is perhaps sufficient to say, that there seems no reason in this case for putting any other construction upon the statute than its words literally import, or for holding that the law is not satisfied when the deed of assignment is in fact recorded. It may be added however, with reference to the case at bar, that it does not appear how the respondent's construction, if acted upon, would give the certainty for which he thinks it necessary.

The assignment, he says, being void for uncertainty, without the mortgage, so is its record unless the mortgage be recorded with it.

But this assignment refers to, and identifies this mortgage as the thing intended to be assigned, not only by its language, but also, and as essentially, by being endorsed upon

it. Were it upon a separate paper the words of reference would be unmeaning; but when indorsed upon the mortgage it is apparent by inspection what is referred to.

This peculiarity of juxtaposition cannot be reproduced upon the records as provided for by law.

Whether the assignment be copied upon the page preceding, or the page following, or the same page with the one upon which the mortgage is copied, above it, below it, in the margin, or across its face, still the record does not, of itself, by inspection, and without extrinsic evidence, identify the record of the mortgage as the record of the "*within mortgage*," mentioned in the assignment. That it is so, is still matter of inference, and a question of the intent of the register, and we shall feel more or less confident of it, in any given case, according to our respective habits of thought, and the mode of recording adopted; and so in every imaginable case of reference. A reference from one instrument to the other made by the register upon the record, would, it is true, remove the difficulty were it provided for by law; but except in the case of discharge of mortgages it is not, and for a reason quite inconsistent with the theory of the respondent, namely, that registry laws are not intended to ensure *certainty*, but *notoriety*, for the prevention of fraud in conveyances. *Olivier's Conveyancing*, (*Introduction*) 2 *Wash. Real Prop.*, *p.* 589, § 51.

As to any supposed effect of such omissions as that here complained of, in deterring bidders at foreclosure sales, and thus enabling the creditor to purchase the property at less than its value, it is sufficient to say, that as the creditor is only bound to do what the law requires, he is not responsible for the effect of any omission which it sanctions. This removes any objection to the foreclosure in this case from the supposed prejudicial effect on an intending purchaser's

mind, of the alleged fact, that he could obtain no knowledge from the records that Mackey owned the mortgage, and of the reflection, that by destroying the mortgage after the sale, Mackey might deprive a purchaser of an important link in his chain of title.

And as the notice of sale states the place of record, both of the mortgage and of the assignment, and expressly refers the one to the other, we may feel sufficiently confident that no actual and intending buyer, was in point of fact deterred from bidding by any uncertainty as to Mackey's authority as assignee to foreclose, or fear that he might destroy the mortgage, as to which fear, indeed, if we are to suppose its existence, we may as reasonably suppose it to be dispelled by the reflection, that he would be much more likely to deliver it to the purchaser, if requested.

And here we may observe, that although the law requires that the assignment shall be recorded, it does not require that the notice of sale shall state the fact, which seems to imply that the legislature did not consider such information essential.  This, taken in connection with the provision that the recording of the assignment shall not be constructive notice to the mortgagor of the transfer of his debt, (*Gen. Stat.*, *Ch.* 40, *Sec.* 24,) furnishes an additional reason for not adopting the construction of the law, for which the respondent contends.

It is urged that a jealous watchfulness should be especially exercised in the case at bar, because of the waiver of redemption in this mortgage, assumed to have been exacted by the avarice of Taylor from the necessities of the respondent.

However it might be between the original parties to the mortgage, the defendants here, who are purchasers in *good faith* and have expended much labor and money on the

premises, are at least as much entitled to consideration as the respondent, who appears to have acquiesced, for years, in their possession and improvements.

To hold the foreclosure void will punish them, not Taylor.

The assignment in this case having been recorded, the finding of the referee on that point is erroneous, and the judgment entered thereon must be reversed and a new trial ordered.