## WESSEL v. CRAMER.

(Supreme Court, Appellate Division, First Department.   December 7, 1900.)

1. JUDGMENT—JOINT DEFENDANTS—LIEN—CONTRACT—SPECIFIC PERFORMANCE—DEFENSE.

. Where, in an action against joint defendants, one of them was not served with summons, and the judgment was not rendered against him, the fact that his name appeared on the record as a judgment defendant did not create a lien on his land, and therefore was no defense to an action to compel a purchaser of such land to comply with his contract.

2. SAME—EXPIRATION.

A judgment in an action against one of two joint defendants, recovered more than 10 years before execution of a contract by the other to convey land, is not a defense to a bill to compel the purchaser to perform, since it was not a lien on the land under Code Civ. Proc. § 1251, providing that a judgment shall be a charge on land for 10 years.

3. VENDOR AND PURCHASER—CONTRACT TO CONVEY—SPECIFIC PERFORMANCE—TITLE—DEFENSES.

Plaintiff contracted to convey a lot 175 feet westerly from a certain avenue. The lot was designated in all conveyances and on a map referred to in them as "No. 60," and its easterly line on the map and by actual occupation was not, and never had been, more than 175 feet westerly from the avenue, and such location has been recognized by the adjoining lot owners as the true and correct one. The conveyance to plaintiff and some prior ones described the lot as No. 60, and referred to the map, but located its easterly line 177 feet and 11 inches westerly from the avenue. Held, that plaintiff had a good and marketable title to the land contracted to be conveyed, since the map must be considered and read as part of the description, and the distances given in the conveyances changed to conform to the bounds called for by it, and therefore plaintiff could compel specific performance of the contract by the purchaser.

Appeal from special term, New York county.

Action by William Wessel against Christian C. Cramer for specific performance of a contract to convey land. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

William Adams Robinson, for appellant.
Terry Smith, for respondent.

McLAUGHLIN, J. On the 12th of November, 1899, the parties to this action entered into a contract by which the plaintiff agreed to sell and the defendant to purchase certain real estate situate in the city of New York, which was described as follows:

"Beginning at a point on the northerly side of 81st street, distant 175 feet westerly from the northwesterly corner of Second avenue and 81st street, running thence northerly, and parallel, or nearly so, with Second avenue, 102 feet and 2 inches, to the center line of the block between 81st and 82nd streets; thence westerly, along said center line, and parallel, or nearly so, with 81st street, 24 feet 11 inches; thence southerly, and parallel, or nearly so, with

Second avenue, 102 feet 2 inches, to the northerly side of 81st street; thence easterly, along the said northerly side of 81st street, 24 feet 11 inches, to the point or place of beginning,—be the said several dimensions more or less."

The consideration to be paid was $10,000, $4,000 of which was to be paid by assuming a mortgage for that amount then on the premises, and $5,600 by the execution and delivery of a second mortgage, and the payment of $100 down and $300 at the delivery of the deed. The $100 was paid. At the time fixed for the completion of the contract the defendant refused to perform on his part upon the ground that the plaintiff could not give him a good and marketable title. The plaintiff thereupon brought this action to compel the defendant to specifically perform, and, after a trial had, the plaintiff had a judgment, from which the defendant has appealed.

Upon the trial it was admitted that the only issue to be tried was: (1) Whether there was a judgment against the plaintiff, which was a lien upon the land; and (2) whether the plaintiff had title to a strip of land on the easterly side, 2 feet and 11 inches wide, and running the whole length of the lot. The trial court held that the judgment was not a lien upon the land contracted to be sold, and that the plaintiff had a good and marketable title to the 2 feet 11 inches; and in this we are of the opinion that the trial court was right.

First, as to the judgment. It was recovered more than 10 years prior to the making of the contract, and it had, therefore, by express provision of statute (section 1251, Code Civ. Proc.), ceased to be. a lien upon the lot contracted to be conveyed. It was recovered and docketed in the county of New York, August 19, 1889. The contract was entered into November 12, 1899. But, in addition to this, it appeared that the defendant was never served with the summons and complaint in the action, and the judgment was not recovered against him.

Second. The lot contracted to be sold is known as "Lot 60" on a map of the Harlem Commons made by Charles Clinton in December, 1824, and by this number, and referring to such map, it has been— commencing with a deed from Dudley Seldon to Allan McDougal, dated May 5, 1825, down to and including a deed from Edward Fitzgerald and wife to Henry Cowels, in 1854—sold, and has been described as being 25 feet front and rear and 100 feet in depth, and located 175 feet from Second avenue. Cowels sold the same, in 1866, to one Kahny, also describing it as "Lot No. 60," but he located it 177 feet and 11 inches westerly from Second avenue. By mesne conveyances the plaintiff acquired title to lot No. 60 on said map by the same description. Under all the conveyances since the Clinton map was made, the easterly line of said lot 60 by actual occupation is and has been located not more than 175 feet westerly from Second avenue, and the lot which the plaintiff contracted to sell is located not more than 175 feet westerly from Second avenue. Substantially all of the deeds of conveyance of adjoining lots on the east and west, to wit, Nos. 59 and 61, since the Clinton map was made, have referred to that map; and the westerly line of lot 59, which constitutes the easterly line of lot 60, is located 175 feet westerly from Second avenue; and the easterly line of lot 61, which constitutes the westerly

.line of lot 60, is located 200 feet westerly from Second avenue. The land in question, therefore, having been conveyed as lot 60 on the Clinton map, that map must be considered and read as a part of the description of the lot. The distances given in the Cowels and subsequent conveyances must be lengthened or shortened so as to conform to the bounds called for by the Clinton map. Heller v. Cohen, 9 App. Div. 465, 41 N. Y. Supp. 214; Meyer v. Boyd, 51 Hun, 295, 4 N. Y. Supp. 328; Davis v. Rainsford, 17 Mass. 207. The lot in question having been conveyed as lot 60 on the Clinton map ever since 1825, which map located the easterly boundary of it 175 feet, and the westerly boundary 200 feet, westerly from Second avenue, and the owners of adjoining lots on either side of it having recognized such location as the correct and true one, we think, under such circumstances, it must be held that the plaintiff acquired by his deed, and now has, a good and marketable title to the land contracted to be conveyed, and for that reason the judgment appealed from must be affirmed, with costs. All concur.