CHARLES P. MORSE & another vs. THOMAS M. ROGERS.

Worcester.    October 6. — 23, 1875.    WELLS & AMES, JJ., absent

Measurements, in a description of land in a deed, yield to a boundary or monument, when certain, or capable of being made certain, independently of measurements.

The owner of a large tract of land, bounded on the east by Main Street, on the south by Pleasant Street, and on the north in part by Pearl Street and in part by land of A., caused a plan thereof to be made and recorded in the registry of deeds, by which the land was laid out into nine lots with a passage way running through the land from Pearl Street to Pleasant Street. The nine lots were sold on the same day to different persons, and each of the deeds of conveyance referred to the passage way as a "passage way fifteen feet in width running from Pearl Street to Pleasant Street, the easterly line of which passage way is the westerly line of A.'s lot, and a line drawn in extension of said westerly line to said Pleasant Street." Each deed also conveyed a right in common with others "over the above named passage way, as laid down and shown in said plan." The plaintiff bought a lot on Pleasant Street on the westerly side of the passage way, and the defendant a lot on the same street on the easterly side of the passage way. The deed to the defendant described his southerly line on Pleasant Street as running from the passage way ninety-five feet and six inches to the point of intersection of the northerly line of Pleasant Street and the westerly line of Main Street. This point was an established monument. The defendant put up a building extending from this point ninety-eight feet and three inches on the line of Pleasant Street. The distances given in each of the deeds corresponded with the plan, on which also the easterly line of the passage way appeared as a straight line. *Held*, in an action for obstructing the passage way, that it was competent for the defendant to show that the westerly line of A.'s lot extended straight to Pleasant Street would coincide with the westerly line of the defendant's building and intersect Pleasant Street ninety-eight feet and three inches westerly from the westerly line of Main Street.

TORT for the disturbance of an easement. Trial in the Superior Court, before *Dewey*, J., who, after a verdict for the plaintiffs, reported the case to this court in substance as follows:

The defendant owns a lot of land with a block of buildings thereon in Worcester, on the corner of Main and Pleasant Streets, on the northerly side of Pleasant Street. The plaintiffs own the lot on the northerly side of Pleasant Street, next westerly of the defendant's lot. Between the two lots is a passage way, extending from Pleasant Street, between the plaintiffs' and the defendant's lots, and further north to Pearl Street. The boundary of said passage way was in controversy.

Charles Paine formerly owned all the lots marked from 1 to 9 inclusive on the plan, a copy of which was put in evidence and is

printed in the margin,* and all the land covered by the passage ways on said plan, and in 1865 sold them at auction to various

parties, and on December 1, 1865, made conveyances of the sev-
eral lots to the purchasers. The plaintiffs and the defendant
took their respective titles from Paine's grantees, and the ques-
tions raised in this report arise on the deeds from Paine. The
deed from Paine of the plaintiffs' lot bounds it as follows : " Be-
ginning at a point in the northerly line of said Pleasant Street,
which is one hundred and ten feet and six inches westerly from
the intersection of said northerly line of Pleasant Street with the
westerly line of Main Street, and which point is also the point
where said northerly line of Pleasant Street is intersected by the
westerly line of a passage way fifteen feet in width, running from
Pearl Street to Pleasant Street, the easterly line of which passage
way is the westerly line of Calvin Foster's lot, upon which his
brick block stands, and a line drawn in extension of said westerly
line to said Pleasant Street; thence northerly by the westerly line
of said passage way, seventy-nine feet, to a point where the west-
erly line of said passage way is intersected by the southerly line
of a passage way twelve feet in width, running from said fifteen
foot passage way westerly to land of George A. Bates ; thence
westerly by the southerly line of said twelve foot passage way,
thirty-four feet, to a point which is the northeasterly corner of
land this day conveyed by me to John G. Kendall ; thence south-
erly by land so conveyed to said Kendall, eighty feet, to the
northerly line of said Pleasant Street; thence easterly by the
westerly line of said Pleasant Street, thirty-one feet, to the place
of beginning. Being lot numbered 6 on plan, dated ' Worcester,
November 24, 1865,' and to be recorded. Together with a right
of way in common with others, to whom estates have been con
veyed by me, over the above named passage ways as laid down
and shown on said plan."

The deed from Paine of the defendant's lot contained the fol-
lowing as the description : " Beginning at the northeasterly cor-
ner thereof at a point in the westerly line of said Main Street,
exactly opposite the centre of the brick wall which divides the
store on the premises hereby conveyed from the store next ad-
joining on the north ; thence running westerly in a straight line
through the centre of said brick wall, one hundred feet, to the
easterly side of a passage way fifteen feet in width running from
Pearl Street to Pleasant Street, the easterly line of which passage

way is the westerly line of Calvin Foster's lot, upon which his brick block stands, and a line drawn in extension thereof to said Pleasant Street; thence southerly by the easterly line of said passage way, forty-one feet and six inches, to the northerly line of said Pleasant Street; thence easterly by the northerly line of said Pleasant Street, ninety-five feet and six inches, to a point where said northerly line of said Pleasant Street is intersected by the westerly line of said Main Street; thence by the westerly line of said Main Street northerly, twenty feet and ten inches, to the place of beginning. Being lot numbered 5 on a plan dated Worcester, November 24, 1865, and to be recorded. Together with a right of way in common with others, to whom estates have been conveyed by me, over the above named passage way as laid down and shown on said plan."

Each of the other deeds of the other lots referred to said passage way as a "passage way fifteen feet in width running from Pearl Street to Pleasant Street, the easterly line of which passage way is the westerly line of Calvin Foster's lot, upon which his brick block stands, and a line drawn in extension of said westerly line to said Pleasant Street," and each of said deeds contained the phrase, "Together with a right in common with others, to whom estates have been conveyed by me, over the above named passage way as laid down and shown in said plan."

The distances given in each of the Paine deeds correspond with the figures on said plan. Before the action was brought, the defendant built a brick block, four stories high, on his lot, and extending back on the northerly line of Pleasant Street ninety-eight feet and three inches from the westerly line of Main Street This westerly line of Main Street is a well known and established line, and it was agreed that the east line of the defendant's block stands on that line, and the south line of his block stands on the north line of Pleasant Street.

The defendant offered evidence tending to show that the westerly line of Calvin Foster's lot, on which his brick block stood, at the time the deeds were made, and still stands, extended straight to Pleasant Street, would coincide with the westerly line of the defendant's block and intersect Pleasant Street ninety-eight feet and three inches westerly from the westerly line of Main Street. The plaintiffs objected to this evidence and the court excluded it,

**and** the defendant excepted. At the time the Paine deeds were given, the way had not been cut through and the south end thereof was covered with buildings.

The judge ruled that, upon the deeds and plan, and the fact admitted as to the west line of Main Street, the position of said passage way was to be found by measurement from the west line of Main Street, and directed a verdict for the plaintiffs.

If the rulings of the judge were correct, the verdict was to stand ; otherwise a new trial to be ordered.

*W. S. B. Hopkins*, for the defendant.

*H. B. Staples & F. P. Goulding*, for the plaintiffs.

ENDICOTT, J. The lot of the defendant is bounded in his deed westerly on the easterly side of a passage way fifteen feet wide, extending from Pearl Street to Pleasant Street, and southerly on Pleasant Street ninety-five feet six inches to Main Street.

The location of this passage way is the important question in the case, as the issue between the parties is whether it is ninety-five feet six inches, or ninety-eight feet three inches distant from Main Street.

The easterly line of the way is described in the defendant's deed as identical with the line of Calvin Foster's lot, and a line drawn in extension thereof to Pleasant Street. The plaintiffs' deed of the lot on the opposite side of the way also locates the way on the extension of the line of Foster's lot, as its eastern boundary ; and it appears that the way so described was intended for the use of all the estates abutting upon it. The deed also refers to a plan, which is upon record, and which must be taken to be a part of the description, to the same extent as if expressly recited in the deed. *Davis* v. *Rainsford*, 17 Mass. 207. *Murdock* v. *Chapman*, 9 Gray, 156. This plan shows that the eastern line of the way is the extension of the western line of Foster's lot in a straight line to Pleasant Street, and, also, that the length of the southern side of the defendant's lot on Pleasant Street is ninety-five feet six inches.

The plaintiffs contend that the deed and plan, taken together, conclusively establish the location of the way to be ninety-five feet six inches from Main Street ; and that it is immaterial whether the direct extension of the line of the Foster lot strikes Pleasant Street at that point or not. The court so ruled, and excluded

evidence offered by the defendant that the extension of that line would strike Pleasant Street at a point ninety-eight feet ten inches from Main Street.

But we are of opinion that this evidence was competent. Taking the description of the way as set forth in the language of the deed, its location could be easily and accurately determined by extending the western line of the Foster lot to Pleasant Street; and the location so established would determine the western boundary of the defendant's land. This way constituted an existing boundary at the date of the defendant's deed, having an absolute position capable of accurate demonstration. And there is no such connection between the description of it, and the measurement of the boundary line of the defendant's land on Pleasant Street, as to indicate that the measurement had any direct reference to the passage way, or was intended to change its direction from a straight line to a point ninety-five feet six inches from Main Street. This measurement is not alluded to in describing the passage way; it is part of the description of the defendant's land, and does not necessarily determine the spot where the passage way strikes Pleasant Street.

Where, by reason of an imperfect or impossible description of a way as a boundary, its location is uncertain and cannot be made certain, a measurement of this kind may be important and decisive in determining its location. But where the way is so described in the deed, that it is or may be clearly located, without reference to the land adjoining, or the measurements of such land as a guide to the direction, the measurement cannot control or decide the location. From the language of the deed, therefore, it is clear that this measurement does not necessarily show the point on Pleasant Street where the way terminates; and the extent of the grant is to be determined by the position of the way as a boundary, and not necessarily by the measurement in the deed.

Nor does the plan vary or enlarge the terms of the deed. It is dated before the deed, and was evidently put upon record for the benefit of all the parties who had purchased the nine lots sold at the auction. The way is delineated on the plan as if upon the line of the extension of Foster's lot; and the measurements of all the side lines of all the nine lots sold are upon it, including the disputed measurement on Pleasant Street. The lines of the way,

indicating its direction, appear to be drawn in conformity to the description in the language of the deed; and the measurement of ninety-five feet and six inches on Pleasant Street has no greater significance on the plan than in the deed. It is the measurement of a side line, and there is nothing on the plan to show that the measurement of this line has any closer relation to the direction of the way than the measurements of other side lines which ter minate upon it. If this measurement may control the direction of the way, as a monument, the measurement of the lines of other lots that extend from the way to Main Street may also control it, and thus a way, which, from the description in the deed and the plan, may be accurately located in a direct line, would have to yield to various measurements. We are of opinion therefore that the case falls within the well settled rule, that measurements must yield to a boundary or monument when certain, or capable of being made certain, independently of measurements. *George v. Wood,* 7 Allen, 14. The case does not come within the exceptions to this general rule, that where a boundary is inadvertently inserted, or cannot be found, or would contravene all the other terms of the description, or an adherence to it would defeat the evident intent of the parties, such boundary may be rejected, and the extent of the grant determined by measurements or by other portions of the description; as in *Davis* v. *Rainsford,* 17 Mass. 207; *Parks* v. *Loomis,* 6 Gray, 467; *Murdock* v. *Chapman,* 9 Gray, 156. We are of opinion that the evidence was improperly excluded, and the defendant should have been permitted to show where the extension of the western line of Foster's lot would have touched Pleasant Street. *New trial ordered.*