CHRISTINA PERCIVAL *vs.* ZEBINA W. CHASE.
ZEBINA W. CHASE *vs.* CHRISTINA PERCIVAL.

Bristol.　October 27, 1902. — January 6, 1903.

Present: MORTON, LATHROP, BARKER, & LORING, JJ.

*Disseisin. Adverse Possession. Boundary. Deed,* Construction.

Discussion by LORING, J. of the respective rights of owners of adjoining lots of real estate where the line of occupation for a period of twenty years has been other than the deed line, including the questions whether the possession has been adverse and whether rights outside of the paper title acquired by adverse possession have been transferred.

The fact, that the predecessors in title of an owner of real estate acquired by adverse possession a title to a strip of land extending beyond the boundary line as defined by their deeds, does not give the present owner any right or title to the strip, not included in the deed to him, unless the possession of his predecessors has been transferred to him.

The land of an adjoining proprietor is a monument within the rule that monuments govern measurements in a deed, and *semble,* that if such a monument is changed by adverse possession the deed line changes also.

The court in construing a deed or succession of deeds in a chain of title to land, where a new division line has become established by adverse user, will adopt a liberal construction to avoid holding that title to the land covered by the adverse user has become separated from the title to the original lot.

LORING, J.   These are two actions of trespass *quare clausum fregit*, in which the plaintiff in one action sues the plaintiff in the other.   The case was sent to an auditor; he made two reports which were put in evidence; Mrs. Percival had a verdict in each action; and the cases are here on exceptions taken by Chase.

Chase and Mrs. Percival owned adjoining lots on Second Street in New Bedford.   Chase bought his lot in 1887, and Mrs. Percival bought hers in 1894.   Mrs. Percival's lot is south of Chase's lot.   There was an old house on Chase's lot when he bought it in 1887; this he tore down, and in its place put up a store fronting on Second Street, with a tenement over it; he also built a driveway running under the tenement close to the house on the Percival lot, to a new barn in the rear of his lot.   There was evidence before the auditor that at the time when the store, tenement and barn were built, there was not quite enough room for the whole driveway on the Chase lot, and that Chase went to Thornton, who was the owner of the Percival lot at that time, and obtained permission to encroach somewhat on that lot in constructing the side of the driveway next the Percival lot.   The level of the rear half of the Chase lot is higher than that of the Percival lot, and the wall between the two was a retaining wall.   In constructing the driveway, the old retaining wall between the two lots was moved over on to the Percival lot to support Chase's new driveway to his new barn in the rear of his lot.   It was also in evidence before the auditor that after Mrs. Percival bought her lot she made a demand on Chase to move the wall northward to the line where it formerly stood; that Chase did move the wall back, but not to the line of the original wall; and thereupon, in November, 1897, Mrs. Percival tore down the wall erected by Chase when he moved it back, and as a result Chase's driveway caved in and was injured. This is the trespass complained of by Chase.   The trespass complained of by Mrs. Percival was for maintaining this wall after notice from her to remove it.

The auditor found that a line had been established by adverse possession two and twelve one-hundredths feet north of the line set forth in the deeds, and "largely by reason of there having been an embankment wall substantially in this line for nearly

the whole of this century, without any change until a few years before these suits were brought"; that the north face of the house on the Percival lot was one foot and one half north of the deed line, and that the retaining wall erected by Chase, when he moved it back at Mrs. Percival's request, was south of the line established by adverse possession, but north of the deed line.

Chase denied at the trial that the wall had ever been moved by him or any one else, and offered evidence tending to show that the wall had stood for more than twenty years where it was when torn down by Mrs. Percival. There was also evidence that Chase from 1887 to the time when the wall was torn down was in possession, claiming title in the land up to and including the stone wall. It was admitted by Mrs. Percival at the trial that the boundary line as Chase claimed it was the true deed line between the properties established by all the ancient and modern deeds. It was agreed that the place to which Mrs. Percival claimed Chase moved the wall and where the wall was when torn down by her was on Chase's side of that line, but was south of the place where Mrs. Percival claimed the boundary line to be by virtue of adverse possession as aforesaid.

1. It will be convenient to consider together the first and third rulings requested by Chase, to wit: "1. The deed from Thornton gave Mrs. Percival no title to any part of the land which at the date of her deed was occupied by Chase for a wall or enclosed by a wall, so that she can recover for such encroachment in this action." "3. Mrs. Percival because of the description of the deed to her and to Thornton, her immediate grantor, can claim no boundary line established by any adverse possession during the ownership of Mr. Thornton or Paul Spooner or prior to any title not consummate in 1842."

We interpret the words "or prior to any title not consummate in 1842," to mean, "during the ownership of any person whose title was not consummate in 1842."

The deed to Thornton was made in 1866, by one John R. Thornton, executor of the will of Paul Spooner, and conveyed "a certain lot of land on Second Street conveyed to Paul Spooner by Gideon Allen, administrator, by deed dated October 29, 1842."

The deed from Thornton to Mrs. Percival conveyed "a certain lot of land with the buildings thereon standing, being one of the lots conveyed to me by deed of John R. Thornton, executor, dated July 28, 1866, and being the same lot conveyed to Paul Spooner by Gideon Allen, administrator, by deed dated October 29, 1842, to which deeds reference may be had for a more particular description."

The action of trespass *quare clausum fregit* is an action for the violation of the plaintiff's right of possession, not of her title. A plaintiff who has the title but who was not in possession when the act complained of was done, cannot maintain an action of trespass until he has made an entry. Chit. Pl. (16th Am. ed.) 195. *Taylor* v. *Townsend*, 8 Mass. 411, 415. *Emerson* v. *Thompson*, 2 Pick. 473, 484. *Bigelow* v. *Jones*, 10 Pick. 161, 164. *Tyler* v. *Smith*, 8 Met. 599, 604.

The only bearing which Mrs. Percival's title had on the action brought by her was that if she had title she could maintain the action by showing that she entered and threw down the wall; if she had title, such an entry would have given her the necessary possession to sue for the trespass consisting in the erection of the wall on her land. Chit. Pl. (16th Am. ed.) 198. *Allen* v. *Thayer*, 17 Mass. 299, 302. *Blood* v. *Wood*, 1 Met. 528, 533. *Silloway* v. *Brown*, 12 Allen, 30, 38. So far as the action brought by Chase is concerned, if Mrs. Percival had the title to the two and one half foot strip, that was a justification of the entry even if that strip up to that time had not been in her possession.

Inasmuch as the judge instructed the jury that the deeds gave Mrs. Percival no title to the strip in question, the plaintiff cannot complain that these two requests for rulings were not given in terms.

2. The second request* is inconsistent with the first request,

_____

* The second request above referred to was as follows: "If prior to the time Mrs. Percival bought and came into possession of her property Mr. Chase had erected a wall on the property then owned by Thornton, and upon her complaint tore it down and built a new wall nearer the boundary, but still enclosing or covering a part of the land, yet, if the jury are not satisfied that she subsequently entered upon that part of the land so enclosed or covered by the new wall, and took open possession and exercised thereon acts of ownership, she cannot recover."

and the first request having been given, the second was rightly refused.

In accordance with the first request the jury were instructed that the deed from Thornton to Mrs. Percival did not cover the two and one half foot strip in question. If it did not, Mrs. Percival's right to maintain an action depended upon whether she had possession of the strip or not when the act of trespass was committed. If the wall which was standing when Thornton conveyed to Mrs. Percival was erected by Chase under a license, and if Chase was occupying the land on his side of that wall as a licensee of Thornton, that possession was the possession of Thornton and did not prevent his delivering possession of the strip to Mrs. Percival. If Mrs. Percival got no title to the strip, she could not gain a right to maintain this action of trespass *quare clausum fregit* by a subsequent entry of any kind, and the instruction was rightly refused.

3. The fourth request for instructions * has not been argued, and must be treated as waived. It is manifestly wrong. There was no aspect of the evidence which would make the true deed line run through the wall, wherever situated, no matter whether that wall had been built under license, and no matter how long or how it had been maintained. If the wall had not been moved for twenty years before it was taken down by Mrs. Percival, it would not necessarily follow that each action should be decided for Chase; if the wall was erected under a license given by Thornton, its continuance for twenty years would not be decisive.

4. The general exception to the instructions given raises no question not raised by the requests refused.

5. Chase has argued on his brief a question which was not raised by the rulings, and that is this: Under the admission of Mrs. Percival that she has no title to the disputed strip under

---

* The fourth request above referred to was as follows: "That if the jury find the true deed line went through the wall wherever the same was situated, they must find for the plaintiff Chase in the case of *Chase* v. *Percival*, and if the jury find that the wall has not been moved for more than twenty years prior to its taking down by Mrs. Percival, and was used during that time as a retaining wall for the land now owned by Chase, then they must find for the plaintiff Chase in the case of *Chase* v. *Percival* and for the defendant Chase in *Percival* v. *Chase*."

the deeds, the right to maintain these actions depended upon priority of possession. If a ruling to that effect had been asked for, it should have been given. The branch of the case to which such a ruling is addressed was altogether ignored by the presiding judge, so far as the charge printed in the record goes.

The argument of the plaintiff that a title gained by adverse possession can no more be conveyed by parol than any other title, is correct. But it does not follow from that that if in the description of the premises conveyed by a deed a parcel of land is omitted, title to which has been gained by adverse possession, the grantee is without remedy. If in such a case the grantee received possession of the disputed strip from the grantor of the rest of the estate, and the grantee took possession claiming a fee, she would be in as a disseisor. Her right as a disseisor would be good against the holder of the paper title because his title in such a case is barred by continuous adverse possession for twenty years. *Wishart* v. *McKnight*, 178 Mass. 356. And the title as disseisor in possession is good as against the rest of the world, excepting only her grantor who had a title by adverse possession which he did not convey to her. *Wishart* v. *McKnight*, 178 Mass. 356, 362. *Slater* v. *Rawson*, 6 Met. 439. *Hubbard* v. *Little*, 9 Cush. 475. *Currier* v. *Gale*, 9 Allen, 522. Pollock & Wright, Possession, 95–98. Such a disseisor has a title good against the owner of the true title which is barred by the statute, and he has a title good against the rest of the world, except his grantor who has a title by adverse possession, because he is in possession and on that ground has a good title against persons subsequently taking possession from him.

Had Chase raised the question which he now seeks to argue, the question should have been left to the jury whether Mrs. Percival had taken possession of the two and one half foot strip claiming it to be hers before the acts of trespass were committed. The evidence before us does not disclose the facts which would be material on that point, as is to be expected when the case was not tried on that question. It is plain that Chase's contention that Mrs. Percival's entry was coextensive only with the deed to her is not correct. The house was a foot or more over the deed line; she at least took possession of the portion of the disputed strip covered by the house even if it was not covered by the

deed. How much of the remaining length of the lot was covered by the retaining wall does not appear. And, as we have said, if Chase was occupying the land north of the retaining wall by license, his occupation did not prevent Mrs. Percival from taking possession. The judge told the jury that if a new division line had been established by adverse user, they should find for Mrs. Percival. This was not correct; for a new division line might have been established before Mrs. Percival had anything to do with the premises; if it was, Mrs. Percival could not take advantage of it unless it had been conveyed to her or unless she in fact had possession of it. But that objection to the charge was not raised in the court below, and is not open here.

The case at bar was tried on the admission " that the boundary line as Chase claimed it was the true deed line between the properties established by all the ancient and modern deeds." It is not necessary to decide whether that admission should have been made.

The title to Mrs. Percival's lot was as follows: By deeds from Bourne to Barney, 1810; from Barney's administrator to Spooner, 1842; from Spooner's executor to Thornton, 1866; and from Thornton to Mrs. Percival, 1894.

The title to Chase's lot was as follows: Jenney to Nathaniel Hathaway, 1803; Hathaway to Johnson, 1806; Johnson to Williams, 1819; Heirs of Williams to Chase, 1887.

The deed from Bourne to Barney in 1810 described the land as " bounding . . . on the north by land formerly of Nathaniel Hathaway." The same description is found in the deed to Spooner in 1842. The deed from Spooner's executor to Thornton is " a certain lot of land on Second Street conveyed to Paul Spooner by Gideon Allen, administrator, by deed dated October 29, 1842," and the description in the deed to Mrs. Percival is in substance the same.

Had the land conveyed been described in each case as bounded on the north by the division line between the granted premises and the lot next north of it formerly of Nathaniel Hathaway, even though it was also bounded by measurements, it is plain that the deed line would change on a new line being established by adverse possession.

A monument governs measurements, and the land of an ad-

joining proprietor is a monument within that rule. *Howe* v. *Bass,* 2 Mass. 380. *Pernam* v. *Wead,* 6 Mass. 131. *Flagg* v. *Thurston,* 13 Pick. 145. *Curtis* v. *Francis,* 9 Cush. 427. *Gerrish* v. *Towne,* 3 Gray, 82, 87. *Pickman* v. *Trinity Church,* 123 Mass. 1, 5.

Where a grantor owning the shore to low water conveys the shore between high and low water, the boundary line between the highland retained by him and the shore conveyed away is a movable one and changes as the sea recedes from or encroaches on the land. *Scratton* v. *Brown,* 4 B. & C. 485. See also in this connection *Chicago Dock & Canal Co.* v. *Kinzie,* 93 Ill. 415; *Camden & Atlantic Land Co.* v. *Lippincott,* 16 Vroom, 405, 410; *County of St. Clair* v. *Lovingston,* 23 Wall. 46. See also *Phillips* v. *Rhodes,* 7 Met. 322, 325.

It is not necessary now to decide whether that principle does not apply directly to the first two and by reference to the last two deeds in Mrs. Percival's chain of title. It is certainly true that a court in construing a deed or succession of deeds in a chain of title, where a new division line has become established by adverse user, will adopt a liberal construction to avoid holding that title to the land covered by the adverse user has become separated from the title to the original lot.

*Exceptions overruled.*

*M. R. Hitch,* for Chase.

*H. W. Hervey,* for Percival, submitted a brief.