## KAROL STEFANICK *vs.* JACOB FORTONA & another.

Berkshire.    September 14, 1915. — October 14, 1915.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Deed.   Boundary.*

In an action of tort for obstructing a right of way adjoining the plaintiff's land, the only issue was in regard to a strip of land one and one half feet wide claimed both by the plaintiff and by the defendant.   On the well established principle that monuments govern distances, the plaintiff's lot, which it appeared was rectangular, was sixty-six feet by one hundred and five and one half feet instead of sixty-six feet by one hundred and seven feet, which last measurement was that of the distances named in the plaintiff's deed that would have fixed the boundary if they had not been controlled by the monuments also named therein.   The plaintiff contended that the effect of defeating his title to the strip of land would be to leave the title to such strip in the common grantor of the plaintiff and the defendant, as the strip was not included in the description in the defendant's deed.   *Held,* that if the title to the strip had not passed to the defendant, which did not appear, this would not help the plaintiff, who did not own it and who must recover, if at all, on the strength of his own title and not on the weakness of the defendant's title.

In the case stated above, it *also was held,* that the particular description in the plaintiff's deed was not enlarged by the concluding words, "Meaning to convey the northerly part of the Busby lot 107 × 66. feet," this being only a repetition of the distances stated in the earlier particular part of the description and being equally controlled by the monuments named in that part of the description.

TORT for obstructing an alleged right of way three feet in width extending for a distance of sixty-six feet along the entire southerly side of a lot of land belonging to the plaintiff on the northeast corner of Hoosac Street and Mill Street in Adams. Writ dated June 1, 1914.

In the Superior Court the case was submitted upon an agreed statement of facts to *Fox,* J., who, on the evidence described in the opinion, found for the plaintiff and assessed damages in the sum of $25.81.   From a judgment entered in accordance with this finding the defendants appealed.

*C. H. Wright,* (*W. J. Donovan* with him,) for the defendants.

*E. K. McPeck,* for the plaintiff, submitted a brief.

LORING, J. This is an action of tort for obstructing a right of way three feet wide and sixty-six feet long, butting on the southerly line of the plaintiff's land. It is conceded that the plaintiff had such a right of way, but the defendant contends that the true southerly line of the plaintiff's land is some eighteen inches farther north than that contended for by the plaintiff.

The facts which gave rise to the controversy are these: Before the conveyance to the plaintiff hereinafter set forth, one Cohen was the owner of a lot of land called the "Busby Lot," bounded on the south by Hoosac Street sixty-six feet, on the west by Mill Street one hundred and ninety-eight feet, and on the north and east by land of one Connors sixty-six and one hundred and ninety-eight feet respectively. On August 23, 1910, Cohen conveyed to the plaintiff the following parcel of land: "Beginning at a point in line between lands of grantor and those of P. Connors, distant ninety-one (91) feet from a stone monument standing in northerly line of Hoosac Street, thence in east line of grantor's land one hundred and seven (107) feet to the lands of P. Connors; thence turning at right angle left and running in southerly line of said Connor's land sixty-six (66) feet to an iron pin driven in the approximate east line of Mill Street; thence turning left at an angle of 90° and running one hundred and seven (107) feet in approximate east line of Mill Street to iron pin driven; thence turning left at an angle of 90° and running sixty-six (66) feet to place of beginning. Meaning to convey the northerly part of the Busby lot 107-×-66 feet. In and as a part of the consideration of this deed the said grantor grants to the grantee and his heirs and assigns a right of way over a strip of land three (3) feet in width and extending easterly from Mill Street and adjoining the premises herein conveyed on the south."

The parties agreed that the circumstances under which this deed was drawn were as follows: "Prior to said conveyance Mr. Charles Sayles, a surveyor, was called upon to prepare a boundary line for the new lot to be sold to the plaintiff and was told about the portion that Mr. Cohen had decided to sell. He went to the premises and located a point which consisted of a stone in the ground at the southeast corner of said Cohen's lot, said marker standing in the incorrect street line, approximately eighteen (18) inches north of the true street line. He assumed that

this marker stood in the true street line and, taking it for a point of beginning (this is the point of beginning set forth in the Stefanick deed) he measured northerly along the east line of the premises a distance of ninety-one (91) feet and there placed a pin in the ground, intending it for the point of beginning for the plaintiff's lot. He then turned at a right angle, as he supposed, (he used no instrument other than his eye) and placed another pin in the east line of Mill Street. This was all he did. He made no measurement of the distances from these points to the northerly line of the 'Busby Lot' but from these points to the northerly line of the 'Busby Lot' the actual distance was one hundred five and five tenths (105.5) feet. It was from a description of the premises furnished by Mr. Sayles that the deed to Stefanick was drawn."

There are two discrepancies between the monuments described in the deed and the explanation as to monuments agreed upon by the parties. By the explanation agreed upon the surveyor put a pin in the ground to mark the southeast corner of the land conveyed, ninety-one feet north from the "stone in the ground at the southeast corner of said Cohen's lot" which was erroneously assumed to be in the northerly line of Hoosac Street. That pin is not referred to in the deed. On the other hand the deed refers to an iron pin at the intersection of Connors's line with "the approximate east line of Mill Street," while the explanation agreed upon does not state that a pin was placed in the ground at that point.

No rule is better settled than the rule that monuments govern distances. See for example *Frost* v. *Spaulding,* 19 Pick. 445; *Morse* v. *Rogers,* 118 Mass. 572; *Miles* v. *Barrows,* 122 Mass. 579; *Hall* v. *Eaton,* 139 Mass. 217; *Foley* v. *McCarthy,* 157 Mass. 474; *Temple* v. *Benson,* 213 Mass. 128; *Burnham* v. *Hoyt,* 216 Mass. 278.

The view of the case most favorable to the plaintiff is that there was no monument fixing the southeast corner of the land conveyed. The southeast corner of the land conveyed is stated to be ninety-one feet from the stone monument erroneously assumed to be in the northerly line of Hoosac Street. It is plain that the ninety-one feet runs from the stone monument, not from the northerly line of Hoosac Street. The ninety-one feet does not

run from the northerly line of Hoosac Street erroneously assumed to be fixed by the stone monument, but from the stone monument erroneously assumed to be in the northerly line of Hoosac Street. But the place of beginning is also indirectly stated to be one hundred and seven feet south from the southerly line of Connors's land. Both the stone monument (erroneously assumed to be in the northerly line of Hoosac Street) and the southerly line of Connors's land are monuments. So far as the point of beginning is concerned the case would seem to be one of a conflict between distances from two monuments. But it is not necessary to pass upon that point because the other three corners of the parcel of land conveyed by the deed are fixed by monuments. The northeast corner is fixed by Connors's land on the east and north; the northwest by the intersection of Connors's land with the east line of Mill Street; and the southwest by "an iron pin driven" in the ground. The line from the northwest corner to the southwest corner is one hundred and five and one half feet. The lot is confessedly rectangular in shape. That makes the southeast boundary one hundred and five and one half feet in length and the southwest corner ninety-one feet from the stone monument erroneously assumed to be in the north line of Hoosac Street, and not one hundred and seven feet south from Connors's land.

ʰ    The particular description of the land conveyed was not enlarged by the concluding words, "Meaning to convey the northerly part of the Busby lot 107-×-66 feet." That was but a repetition of the distances stated in the earlier particular part of the description. And see *Powell* v. *Clark,* 5 Mass. 355.

The plaintiff argues that if the defendants' contention is upheld there will be a strip of land between the south line of the plaintiff's land and the north line of the defendants' which never has passed out of Cohen or out of his grantee Danzig. The deed from Cohen to Danzig is not set forth in the record. Whether the deed from Danzig to the defendants conveyed this one and a half foot strip depends upon the location of the pins driven in the ground, referred to in the description in that deed.* It does

---

* The description of the land conveyed by that deed is as follows: "Beginning at a point where Hoosac Street intersects with Mill Street, thence running along the northerly line of said Hoosac Street four rods to a

not appear that this one and one half foot strip has not passed to the defendants. But the result would not be affected by the fact that it has not passed to them if it should turn out that that is so. The plaintiff must recover on the strength of his own title, not on the weakness of the defendants. The fact (if it is a fact) that the one and a half foot strip did not pass by the subsequent deed to the defendants is not of importance in construing the deed to the plaintiff.

. We have examined the citations to which we have been referred by the plaintiff and find nothing in them which requires special notice.

No question of a possible reformation of the deed to the plaintiff has been suggested. It is plainly not open here. It is agreed by the parties that "if . . . it is found as a matter of law from the deeds herein submitted and the facts herein set forth, . . . that the plaintiff herein acquired title by virtue of his deed to a lot sixty-six (66) feet by one hundred and five and one half (105½) feet," judgment is to be entered for the defendant. It is

*So ordered.*

───────────

pin driven into the ground — thence turning left and running north 7° 30′ east ninety one feet to a pin driven into the ground, thence turning to the left and running north 82° 30′ west four rods to a pin driven into the ground on the easterly line of said Mill Street — thence turning to the left and running southerly along the easterly line of said Mill Street ninety one feet to the point or place of beginning."