AGNES G. WEBBER *vs.* HELEN COX.

Essex.     May 24, 1926. — June 30, 1926.

Present: BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Land Court,* Findings of fact by trial judge.

In determining the location of a boundary of land which is the subject of a petition for registration of its title, where it appeared that a deed to the petitioner's predecessor in title referred to a plan which could not be found and there was conflicting evidence as to the location of the boundary, the judge of the Land Court can take into account all the circumstances concerning the transaction, including the occupation and acts of the parties, in an effort to ascertain the intention of the parties in making deeds; and there can be no reversal of findings of fact by him, warranted by conflicting evidence, some oral and some documentary, in which he in effect took a lot, conveyed to a third party by the common grantor of the predecessors in title of the petitioner and of the respondent and before the conveyances to them, as a monument to determine the westerly boundary of the petitioner's lot in preference to a plan accompanying the deed to the respondent's predecessor in title which was subsequent to the deed to the third party but preceded that to the petitioner's predecessor in title.

At the hearing of the petition above described, it appeared that a former owner of a large tract of land, which included both that of the petitioner and that of the respondent and other lots, first conveyed to a third party land bounding on that which afterwards became the petitioner's on the

side opposite to the land of the respondent, the deed describing the property by metes and bounds and making no reference to a plan; that he next conveyed to the respondent's predecessor in title by a deed referring to a plan to be recorded; and that he next conveyed to the petitioner's predecessor in title by a deed referring to a plan which was not recorded and which could not be found. The respondent asked for a ruling that the deed from the common grantor to the respondent's predecessor in title "must be satisfied before the petitioner's land can be registered," and must be construed most favorably to the respondent. The judge refused to give the ruling in terms and ruled that the common grantor could not give the petitioner's predecessor title to land which he already had included in his deed to the respondent's predecessor, and that where there is doubt in the construction of a deed poll, it is to be construed in favor of the grantee. *Held*, that no error of law was shown.

PETITION, filed in the Land Court on October 31, 1922, for registration of land at the corner of Nashua Avenue and Parkhurst Court on the bay side of Annisquam in Gloucester, which the petitioner contended was bounded as follows: "Northeasterly by Nashua Avenue, 69.37 feet; southeasterly by Parkhurst Court 154.49 feet; southerly by said Parkhurst Court 95.66 feet; southwesterly by land now or formerly of Walter O. Adams, Trs. 93.83 feet; and northwesterly by land now or formerly of Etta C. Phillips and Fred A. Robinson 172.96 feet."

The case was heard by *Corbett*, J. The main issue was the location of the petitioner's boundary on Parkhurst Court. Material evidence, facts found, rulings made, and exceptions saved by the respondent are described in the opinion.

The case was submitted on briefs.

*J. H. Kenney*, for the respondent.

*J. M. Hayes & E. N. Carpenter*, for the petitioner.

CARROLL, J. This is a petition to register title to a parcel of land situated on the corner of Nashua Avenue and Parkhurst Court, Gloucester. The case is in this court on the respondent's exceptions to rulings by the judge of the Land Court, and to his refusal to rule as requested by the respondent.

The petitioner claimed as appurtenant to her land a right of way over a driveway known as Parkhurst Court. According to the findings by the judge of the Land Court, this driveway ran from Nashua Avenue at an angle as shown on the

petitioner's plan, and not in a straight line as contended by the respondent. The land of the respondent is on the easterly side of the driveway. It was found that one Ricker, in 1870, acquired a large tract of land which included the locus, the respondent's land and various other lots. In 1881 he conveyed to Samuel L. Ryan land adjoining the locus on the west. In 1886 Ricker conveyed to A. P. Parkhurst land which the respondent now holds. This deed refers to a plan to be recorded. In 1897, Ricker conveyed to Florence Lincoln the land to which the petitioner claims title and asks to have registered. The conveyance to Ryan was by metes and bounds, and the deed makes no reference to a plan; the deed to Lincoln does refer to a plan, which could not be found. It was also found that the plan put in evidence by the respondent showing the driveway to be straight was not a ground survey, was not drawn to scale, and showed no bearings or courses. The judge viewed the premises and heard the testimony of witnesses. He found that the petitioner has title to her land and as appurtenant thereto has rights of way in Parkhurst Court; that the respondent has as appurtenant to her land rights of way in the court; and that the locus is subject to a right of way to and from a well. These findings of fact are final. We cannot review them. Unless there was some error of law, the decision of the Land Court must stand. *Marvel* v. *Cobb*, 204 Mass. 117. *Boston & Albany Railroad* v. *Reardon*, 226 Mass. 286, 291.

The facts were in dispute; it was a case where the testimony of witnesses had to be weighed. See *Hartt* v. *Rueter*, 223 Mass. 207, 212. There was no error in refusing the respondent's first and second requests, in substance that on all the evidence the petitioner had not sustained the burden of proof resting upon her. The fact that the plan relied on by the respondent, referred to in the deed from Ricker to Parkhurst, shows Parkhurst Court to run in a straight line is not conclusive. The conveyance to Ryan on the west of the petitioner's land made no reference to any plan. There was no error in finding that the Ryan lot was a monument showing the westerly line of the petitioner's land. See *Taft* v. *Emery*, 174 Mass. 332, 334. *Simonds* v. *Simonds*, 199

Mass. 552, 554. The judge of the Land Court was called upon to ascertain the intention of the parties, especially the intention of the grantor in the deeds to Ryan, Parkhurst and Lincoln. He could take into account all the circumstances surrounding the transaction, including the occupation and acts of the parties. See *Simonds* v. *Simonds, supra.* It would serve no useful purpose to review the evidence in the case. A question of fact was involved which it was the duty of the trial judge to answer. Many of the respondent's requests involved questions of fact and were refused properly for this reason.

As to request numbered 6, in effect, that the deed from Ricker to Parkhurst "must be satisfied before the petitioner's land can be registered," and must be construed most favorably to the respondent Cox, the judge ruled that Ricker could not give Lincoln title to land which was included in Ricker's prior deed to Parkhurst; that where there is doubt in the construction of a deed poll, it is to be construed in favor of the grantee. There was no error in this ruling, and the respondent cannot complain of the rulings or refusals to rule by the trial judge. He considered all the questions involved, and there was evidence to support his findings of facts. There was no error in any of his rulings.

*Exceptions overruled.*