CHRISTOFARO DI MAIO *et ux vs.* ANGELO RANALDI *et ux.*

MAY 14, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEENEY, J. This cause is before this court on respondents' appeal from a final decree of the Superior Court enjoining them from encumbering any portion of complainants' land and ordering them to erect on its former location so much of a division fence as was torn down by them. Respondents claim that the decree is against the law and the evidence.

April 14, 1919, complainants purchased a lot of land, with dwelling house thereon, located on the northerly side of

Carpenter street in the city of Providence. Respondents subsequently purchased the lot adjoining on the east. For more than 20 years a board fence divided these lots. In September, 1926, respondents tore down the front portion of the fence, claiming that it was not on the true division line, and commenced to erect a new fence nearer complainants' house. Complainants objected to the relocation of the fence and filed this bill praying for an injunction. After trial decree was entered granting the relief prayed for.

Complainants alleged in their bill that for more than ten years they and their predecessors in title had the exclusive and adverse possession of the land between their lot of land and the fence and that the fence had been recognized by the adjoining owners during this time as being on the true division line. One of the issues of fact was whether the division fence had separated the lands of the parties for more than ten years and another issue was whether the fence had been recognized by all of the preceding owners as being on the correct boundary line? Respondents produced no evidence at the trial but relied upon the claimed insufficiency of complainants' evidence to support the allegations contained in their bill.

The trial justice was of the opinion that the evidence showed beyond dispute that the fence had remained unchanged and unmoved for more than 20 years; that its location was acquiesced in by the adjoining owners for such a period of time as to preclude them from claiming that the fence was not on the true boundary line and found that the old fence line was the true boundary line between the lands of the respective parties. These findings of fact are fully supported by the evidence. Complainants' house is about 3 feet 6 inches from the fence. It appears in the record that the only way to get to the rear door of the house from the street is to walk between the house and the fence and that this way had been used for more than 30 years. This use of the land was so continuous, overt and notorious that the owners of the adjoining land must have known of it.

This court has held that when a fence between adjoining estates has been recognized and acquiesced in by the owners of both estates as being on the true dividing line for a period of time longer than that required by statute to create title to real estate by possession, the owners of both estates are precluded from asserting that the fence is not on the true boundary line. *O'Donnell* v. *Penney*, 17 R. I. 164; *Doyle* v. *Ralph*, 49 R. I. 155; *Theilig* v. *Morrison*, 69 A. 921; *First Baptist Society* v. *Wetherell*, 72 A. 641.

Complainants took title to their land by warranty deed. The northerly line of the lot is described as running in an easterly direction 35.09 feet, more or less, to land now or formerly of Maria G. Tillinghast, thence running in a southerly direction bounding easterly on said land of said Tillinghast. The Tillinghast land is now owned by respondents. The surveyor's plat shows that if the fence line is taken as the westerly line of the land formerly of Maria G. Tillinghast complainants' lot is 37.38 feet wide on Carpenter street instead of 35.09 feet as stated in their deed. Respondents contend that the calls in the deed are definite and that complainants cannot extend their title beyond these calls. It is generally held that where land is described by courses and distances and also by calls for adjoining proprietors, if there is a discrepancy the latter governs. 9 C. J. 222. A monument governs measurements and the land of an adjoining proprietor is a monument within this rule. *Percival* v. *Chase*, 182 Mass. 371; *Segar* v. *Babcock*, 18 R. I. 203; *Co-operative Building Bank* v. *Hawkins*, 30 R. I. 171; In this latter case the court referred to the familiar rule that what are the boundaries of land conveyed by a deed is a question of law and where the boundaries are is a question of fact. The calls in complainants' deed take their land to the land formerly of Tillinghast and now owned by respondents. The trial justice found as a fact that the old fence line is the true boundary line between the lands of the parties. We have examined the record and find no error in his conclusion.

The respondents' appeal is dimissed.  The decree of the Superior Court appealed from is affirmed and the cause is remanded to that court for further proceedings.

*Pettine, Godfrey & Cambio*, for complainants.

*De Pasquale & Turano*, for respondents.