JOSEPH H. HOLMES & others *vs.* LOUISE S. BARRETT.

Plymouth. December 2, 1929. — December 31, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Boundary. Deed,* Construction. *Monument. Land Court,* Findings by judge, Exceptions. *Evidence,* Extrinsic affecting writings.

In a petition for the registration of title to land, the issue was the location of the boundary at the south of the petitioner's land and the north of the respondent's adjacent land. The deeds by which the petitioner acquired title described the east boundary of his land as running south a certain distance to the corner of the respondent's land. A large area, including the parcels in question, had been partitioned early in the eighteenth century. A surveyor testified at the hearing of the petition that he believed that he had been able to locate certain lines designated in the partition proceedings; that he had established the boundary line in issue by the use of those lines and certain measurements given in such proceedings; and that the accuracy of his work tended to be confirmed by the fact that his lines coincided with certain ancient landmarks. The boundary as established by the surveyor

would extend the petitioner's east boundary about one hundred twenty-five feet beyond that described in his deed and would increase the area therein specified by about five acres. It appeared that the respondent had set certain bounds which about coincided with the south ends of the east and west lines of the petitioner's land as specified in his deed; and that he had cut wood as far north as the line of such bounds and had sought to develop part of the land in controversy. The judge who heard the petition adopted the boundary line as established by the surveyor and, upon all the evidence, which was partly oral and partly documentary, ordered the entry of a decree for the petitioner accordingly. A bill of exceptions presented by the respondent did not purport to contain all the material evidence. *Held,* that

(1) The judge's decision on matters of fact was final;

(2) The judge properly ruled that, on a variance between the distance and the monument specified in the petitioner's deed, the monument must govern;

(3) The respondent's land properly might constitute such a monument;

(4) The location of the respondent's land as a monument and of the boundary line in issue properly might be established by parol evidence; and it could not be said as a matter of law that those locations could not have been definitely fixed by the evidence;

(5) There was no error in the judge's fixing the boundary line upon the basis of the data appearing in the ancient partition proceedings;

(6) The judge was not required to decide in the respondent's favor by the evidence concerning the bounds set by him and his use of the land in dispute;

(7) The circumstance, that the line as established by the decree would contravene certain terms of the petitioner's deed, was not controlling: there was no such contravention as would preclude, as a matter of law, the application of the rule that monuments prevail over distances;

(8) On the record, it could not be said by this court that the decision was not warranted; and the exceptions were overruled.

PETITION for the registration of title to land, filed in the Land Court on January 20, 1927.

The petition was heard by *Smith,* J. There was evidence for the respondent that she had set bounds to mark the boundary line in dispute, which bounds about coincided with the south ends of the east and west lines of the petitioners' land as specified in their deeds; that she had had cleared and developed part of the land in dispute; and that she had cut wood as far north as the line of her bounds. There was no evidence of any cutting of wood or other acts of ownership by the petitioners in the land south of the line of the respondent's bounds. Other material evidence

and rulings by the judge are stated in the opinion. The judge ordered the entry of a decree for the petitioners and the respondent alleged exceptions.

The case was submitted on briefs.

F. Clark, Jr., for the respondent.

A. S. Feinberg, for the petitioners.

SANDERSON, J. This is a petition filed in the Land Court to register title to land in Little Cromesett Neck, in the town of Wareham. The respondent owns land south of and adjoining that of the petitioners, and the sole matter now in dispute is with reference to the location of the southerly boundary of the petitioners' land. Decisions of questions of fact by the Land Court are final and only questions of law apparent in the record can be reviewed by this court. G. L. c. 185, § 15. Bessey v. Ollman, 242 Mass. 89, 91. Moss v. Old Colony Trust Co. 246 Mass. 139. Allen v. Wood, 256 Mass. 343, 348–349. Crawford v. Roloson, 262 Mass. 527. The parties agreed that their lands were to be classed in law as "wild land" until within the last three or four years, and it is not contended that either party could have gained a title to the disputed area by adverse possession. See Parker v. Parker, 1 Allen, 245; McDonough v. Everett, 237 Mass. 378, 384.

Conveyances in the petitioners' chain of title describe the most southerly course on the easterly boundary concerning which the controversy in part arises as "S. 40° E. 14 Rods to Swift's corner by the meadow," or by other designation with the same meaning. The southerly line is described as having a specified course and distance and bounding on the Swift land or line. It is agreed that Swift was the predecessor in title of the respondent and that the Swift line is the northerly line of her property. The judge of the Land Court decided that the Swift line was at a point which would extend the easterly boundary course referred to about two hundred feet and increase the area called for in the deed to the petitioners by about five acres.

The only exceptions are to statements or rulings made by the judge in the course of his decision. The exception to his ruling, that if there is any variance the monument prevails

over the distance, must be overruled. It was accurate as a general proposition of law, and so far as appears the judge did not err in applying it to the facts in the case. *Howe* v. *Bass*, 2 Mass. 380. *Clark* v. *Munyan*, 22 Pick. 410. *Percival* v. *Chase*, 182 Mass. 371, 377. *Stefanick* v. *Fortona*, 222 Mass. 83, 85. The land of an adjoining proprietor may be a monument. *Flagg* v. *Thurston*, 13 Pick. 145. *George* v. *Wood*, 7 Allen, 14. *Percival* v. *Chase, supra*. *Goyette* v. *Keenan*, 196 Mass. 416. The location of a monument which is in dispute may be established by extrinsic evidence. *Brimmer* v. *Proprietors of Long Wharf*, 5 Pick. 131, 138. *Clark* v. *Munyan*, 22 Pick. 410, 416. *White* v. *Bliss*, 8 Cush. 510, 512. *Morse* v. *Rogers*, 118 Mass. 572, 578. *Temple* v. *Benson*, 213 Mass. 128, 132. *Van Ness* v. *Boinay*, 214 Mass. 340. *Webber* v. *Cox*, 256 Mass. 595. Any competent evidence may be considered in determining the true boundary line between adjoining owners. *Frost* v. *Spaulding*, 19 Pick. 445. *Barrett* v. *Murphy*, 140 Mass. 133. "The parol evidence identifies the subject on which the deed operates, and then the estate passes by force of the deed." *Waterman* v. *Johnson*, 13 Pick. 261, 268. If the monument cannot be found and its location cannot be made certain by evidence, the measurements and other provisions of the deed are controlling. *Wilson* v. *Hildreth*, 118 Mass. 578, 582. *Temple* v. *Benson, supra*. An exception to the rule that courses and distances must yield to monuments would exist in case a strict adherence to monuments would lead to a construction plainly inconsistent with the intention of the parties as expressed by all the terms of the grant. *Murdock* v. *Chapman*, 9 Gray, 156, 158. *Davis* v. *Rainsford*, 17 Mass. 207. *Morse* v. *Rogers, supra*. *Temple* v. *Benson, supra*, at page 132.

In the early part of the eighteenth century the whole area comprising the Neck was divided by partition proceedings into four lots numbered respectively from north to south, one, two, three and four. The petitioners' land is the southerly part of lot one, the land of the respondent the northerly part of lot two, and the dividing line between those lots in this partition is the dividing line now in dispute.

For the purpose of making the partition, a base line was established beginning at its northerly point at a stake and stones a little westward of the house at the head of the neck and running by a course south twenty-nine degrees east. The southerly lines of lots one, two and three intersect this base line at points ascertained by laying off on the line from north to south the successive distances of one hundred eight, sixty-four and seventy-two rods. The lines marking the southerly boundary of lots one and two are described as straight but not as parallel to each other. The line marking the southerly boundary of lot three is described as following one course easterly of the base line and a course varying from the latter by one degree on the westerly side of this line. But a civil engineer testified that he believed he knew the line between lots three and four, which is now marked by three rough split stone bounds "all in line." He undertook to locate the base line used in the ancient partition and from it the division line in controversy. He measured northerly from the division line between lots three and four the respective distances between the lots designated on the base line in the partition proceedings, and came to traces of a ditch at the northern terminus near the cellar hole of an old house. This ditch could be found to be the one referred to in an ancient deed as running across the head of the neck from which the boundary line in question was one hundred eight rods south measured on the base line. From the northern terminus of this base line he measured one hundred eight rods south twenty-nine degrees east and ran the division line between the respective owners.

This division line was adopted by the court. Its accuracy was confirmed by the fact that it went through a post hole where a stone post had been located many years and which the witness had seen as early as 1883, concluding that it marked the division line between lots one and two, and by the further evidence that at the southeasterly corner of the locus in the line adopted was found a wooden plug driven into the ground, and, extending west therefrom, twelve to fifteen stones located as they would be to rest the ends of a rail fence upon. There were also found along the south line

as thus established trees marked by cuts in the sides of the trunks. The line adopted by the court was not established solely by the running of boundaries of other surveys. There is no such uncertainty in the location of the northerly boundary line of the respondent's land that this court can say as matter of law that it could not be definitely located as a bounding monument. It was for the judge to decide whether upon all the testimony it was more accurate to rely on data appearing on two substantially contemporaneous ancient partitions covering the whole neck, than to rely on more recent land marks, nor can we say that he committed error as matter of law in relying largely on the testimony of the civil engineer called by the petitioners, or in stating that if this witness had correctly located the line between lots three and four it was obvious he could by such means establish the true location of the disputed line. He was not required to decide in favor of the respondent because of the evidence concerning bounds set by her, because of her acts of proprietorship on the disputed area, or because of the other evidence offered in her behalf. The weight to be given to the fact that certain terms of the deed would be contravened by the location of the line of the adjoining land was for the judge to decide. There was no such contravention as would as matter of law preclude the application of the rule that monuments control over distance. It is seldom that area can be a controlling factor. *Powell* v. *Clark,* 5 Mass. 355. Nor can it be said that the mistake in the deed could not reasonably have been made.

The evidence in the case at bar was partly oral and partly documentary. The record narrates some of the evidence but does not purport to contain all that was material. The finding for the petitioners and against the claim of the respondent was expressly made upon all the evidence. In this situation we cannot say that the decision was not justified. See *Mitchell* v. *Cobb,* 220 Mass. 60; *Webber* v. *Cox, supra.*

*Exceptions overruled.*