GRACE E. RAYMOND *vs.* JOSEPHINE M. JACKSON & others.

Franklin.  February 23, 1937. — June 28, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Deed*, Construction. *Equity Jurisdiction*, Reformation. *Equity Pleading and Practice*, Waiver, Decree.

A deed of a lot at the northwest corner of land of the grantor, described as bounded westerly by a street which formed an obtuse angle with the north boundary of the grantor's land, southerly by a course at right angles to the street, easterly by a line parallel to the street, and northerly by the north line of the grantor's entire tract, all for stated distances, was construed as intending the angles and the boundaries on the north, south, and east sides to be as stated, although such construction required disregarding stated distances for the easterly and northerly boundaries and a stated area.

In a suit brought for reformation of a deed, the plaintiff's waiver of a prayer for that relief did not deprive the court of power to construe the deed as written, all parties seeking to have the deed construed.

In a suit in equity where all parties sought a decision construing a deed, it would have been better practice for the final decree to include a declaration of the true construction of the deed, but it appearing that the final decree merely dismissing the bill was based upon the proper construction, the decree was not disturbed on appeal.

BILL IN EQUITY, filed in the Superior Court on April 25, 1934, for reformation of a deed.

Before the hearings by a master to whom the suit was referred, the plaintiff amended the bill by adding a prayer that the court "establish the title to the land conveyed." At the hearing by *T. J. Hammond*, J., upon the master's report, she "waived all claims to equitable relief through reformation of the deed" and stated that "the only relief

now asked for is the establishment of the south boundary of the lot conveyed."

The judge filed further findings by way of inferences from findings by the master; and by his order there were entered an interlocutory decree confirming the master's report and a final decree dismissing the bill. The plaintiff appealed.

The case was submitted on briefs.

*H. J. Field,* for the plaintiff.

*T. M. Hayes & H. P. Herr,* for the defendant Jackson.

*L. W. Griswold,* for the defendant Greenfield Co-operative Bank.

LUMMUS, J. The plaintiff owned a large tract of land in Bernardston, bounded northwesterly on a highway and northerly on land of the Mount Hermon Boys' School. Her northerly boundary line is at an angle with the highway greater than a right angle, namely, an angle of 139 degrees, 10 minutes.

On April 25, 1931, she conveyed to her son, the defendant Jonathan B. Raymond, a small part of the tract, described in the deed as follows: "Beginning at the northwest corner of the . . . [tract]; running thence southerly along the easterly side of said highway one hundred (100) feet; thence turning at right angles to the highway running easterly a distance of three hundred (300) feet; thence northerly in a line parallel with the easterly line of the highway one hundred feet to the northerly boundary of . . . [the tract] ; thence westerly along the northerly boundary of my land three hundred (300) feet to the point of beginning. Containing one-half acre of land, more or less."

There is no suggestion that the highway is other than straight. The description calls for westerly and easterly boundaries of equal length, one hundred feet, and parallel to each other, joined by a southerly boundary perpendicular to them and three hundred feet long. Assuming all these conditions, the northerly line ought to be three hundred feet long and parallel to the southerly line, and the area would be a little more than two thirds of an acre.

But the northerly line called for by the deed is the "northerly boundary" of the tract, and that cannot be parallel to a southerly line drawn as the deed provides. If the boundary lines should be drawn as the deed provides, except that the easterly boundary should be prolonged northerly beyond the one hundred feet called for by the deed until it intersects the "northerly boundary" of the tract, the easterly boundary of the granted lot would be four hundred fifty feet long instead of one hundred, the northerly boundary of the granted lot would be four hundred sixty feet long instead of three hundred, and the area of the granted lot would be about one and seven-eighths acres instead of less than an acre. Such a construction of the deed would produce the three discrepancies just noted. Nevertheless it is the construction contended for by the defendants Josephine M. Jackson, a grantee from Jonathan B. Raymond, and Greenfield Co-operative Bank, the holder of a mortgage given by her. It is the construction adopted by the master and by the trial judge.

These discrepancies relate only to distances and area. Any other construction must necessarily disregard either the "northerly boundary" as a monument, or the courses of the southerly and easterly boundaries where right angles are called for. Something must yield, that the deed may make sense. Area is comparatively unimportant in the construction of a deed. *Melvin* v. *Proprietors of Locks & Canals*, 5 Met. 15. *Holmes* v. *Barrett*, 269 Mass. 497, 502. Distances are of less weight than courses exactly defined. *George* v. *Wood*, 7 Allen, 14. Monuments are usually given more weight than either. *Stefanick* v. *Fortona*, 222 Mass. 83, 85. *Holmes* v. *Barrett*, 269 Mass. 497, 499, 500. *Fulgenitti* v. *Cariddi*, 292 Mass. 321, 327. Compare *Cook* v. *Cook*, 293 Mass. 29, 32. But if we were to lay aside all canons of construction, the construction adopted by the court below would still appear more reasonable than that contended for by the plaintiff. The latter would give the grantee, along the northerly boundary of the tract, a strip less than a hundred feet wide, lying at an unusual and inconvenient angle to the highway, and lacking even one right

angle in its boundaries. The probability is that the parties, in making the conveyance of the northwesterly corner of the tract, forgot that the northerly boundary departed from a right angle. The construction adopted by the court below was correct.

The bill was within a familiar branch of equity jurisdiction, the reformation of instruments that fail to express the agreement and intention of the parties. *Canedy* v. *Marcy*, 13 Gray, 373. *Crowley* v. *Holdsworth*, 264 Mass. 303, 308. *Fireman's Fund Ins. Co.* v. *Shapiro*, 286 Mass. 577, 582. *Stoneham Five Cents Savings Bank* v. *Johnson*, 295 Mass. 390. A necessary incident to this jurisdiction is the construction of the instrument which, it is contended, has failed to express what the parties intended. The trial court was not deprived of the right to construe the deed by the decision of the plaintiff at the hearing not to ask for reformation of the deed. All parties sought a decision as to the meaning of the deed, and no one raised the point that another adequate remedy existed. *Potier* v. *A. W. Perry, Inc.* 286 Mass. 602, 609. *Somerville National Bank* v. *Hornblower*, 293 Mass. 363, 367. *Giles* v. *Giles*, 293 Mass. 495, 498. *Coral Gables, Inc.* v. *Beerman*, 296 Mass. 267, 270. It would have been better practice to insert in the final decree a declaration of the true construction of the deed (*Olsen* v. *Olsen*, 294 Mass. 507, 508), but it sufficiently appears that the final decree dismissing the bill was based on the ground that the construction adopted by the master was right and that contended for by the plaintiff wrong.

*Decree affirmed with costs.*