# DECISIONS

OF THE

## SUPREME JUDICIAL COURT

OF

### MASSACHUSETTS

---

ALBERT PIERRE DAVIAU *vs.* JOSEPH BETOURNEY & another.

Hampden.    September 21, 1949. — November 8, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Deed,* Construction, Property conveyed.    *Real Property,* Boundary, Monument.    *Way,* Private: as boundary.

In a deed wherein the granted land was described as being bounded southeasterly "by a passageway," also owned by the grantor, and southwesterly on a street a stated distance which would include the whole width of the passageway, the passageway was a monument bounding the granted land and controlled the stated distance; and the correct southeast boundary of the granted land was the middle line of the passageway.

BILL IN EQUITY, filed in the Superior Court on March 12, 1948.

The suit was heard by *Morton,* J.

In this court the case was submitted on briefs.

*L. C. Henin,* for the defendants.

*E. J. Quenneville,* for the plaintiff.

LUMMUS, J.    The defendants, husband and wife, received a deed as tenants by the entirety in 1941 to a lot of land bounded southwesterly on Grattan Street in Chicopee, measuring about eighty feet on that street and running back

about two hundred forty-seven feet northeasterly therefrom. The southeasterly boundary line was described as "by a passageway." In 1947 the plaintiff received a deed of a lot of land also bounded southwesterly on said Grattan Street, measuring ninety-six feet on that street and running back one hundred ninety-two feet northeasterly therefrom. It bounded northwesterly on the same passageway, described as "a passageway sixteen (16) feet in width, Westview Avenue, so called," and the plaintiff was granted "the right to use said passageway for all purposes as a public highway." The ultimate common grantor of the parties owned both lots, measuring about one hundred seventy-six feet on Grattan Street. The passageway had a surface of cinders nine feet or more in width.

On March 12, 1948, the plaintiff brought this bill in equity against the defendants, complaining that the defendants have blocked the plaintiff off from the passageway by erecting a fence near the southeasterly side of the passageway, thus enclosing almost all the passageway with the land of the defendants. From a decree in favor of the plaintiff the defendants appealed.

The judge in his voluntary report of material facts found that the eighty feet width of the land purported to be conveyed to the defendants in 1941 included the whole width of the passageway, although the deed bounded that land southeasterly by the passageway. The judge construed both deeds as bounding on the passageway, and disregarded the measurements. He held that the boundary line was the middle of the passageway, and this put the fence on the land of the plaintiff. He ordered the defendants to remove the fence, and gave costs to the plaintiff.

We think the judge was right. Boundaries by other lands, as well as by other kinds of monuments, control distances in the construction of a deed. *Temple* v. *Benson*, 213 Mass. 128, 132. *Stefanick* v. *Fortona*, 222 Mass. 83, 85. *McMahon* v. *Blanchard*, 265 Mass. 56, 63. *Holmes* v. *Barrett*, 269 Mass. 497, 499–500. *Fulgenitti* v. *Cariddi*, 292 Mass. 321, 327. *Raymond* v. *Jackson*, 297 Mass. 509, 511. In the

deeds to the several parties, the passageway was a monument by which the lands of both parties were bounded.

In *Gray* v. *Kelley,* 194 Mass. 533, 537, Knowlton, C.J., said that "it is now well established that, in case of a conveyance giving an ordinary private way as a boundary, if the title of the grantor extends to the centre of the way, he will be presumed to have intended to pass title to the centre of the boundary, unless there is something in the deed to show a contrary intention." That rule has been followed since. *Gould* v. *Wagner,* 196 Mass. 270. *Erickson* v. *Ames,* 264 Mass. 436, 442–444.

In *Frawley* v. *Forrest,* 310 Mass. 446, 451, we said, "When a grantor conveys land as bounded by a street or way, this is not merely a description by the grantor, and his heirs and those claiming under him are estopped to deny that there is a street or way to the extent of land so bounded on the way, and the grantee acquires by the deed a perpetual easement and right of passage on, upon and over it. This is a right, not only coextensive with the land conveyed, but for the entire distance of the way, as it is then actually laid out or clearly indicated and prescribed." In the present case the fence was not only within the right of way but also on the land of the plaintiff. *New York Central Railroad* v. *Ayer,* 239 Mass. 70, 77. *Peavey* v. *Moran,* 256 Mass. 311, 316. *Carter* v. *Sullivan,* 281 Mass. 217, 223. *Guillet* v. *Livernois,* 297 Mass. 337, 340. *Beaudoin* v. *Sinodinos,* 313 Mass. 511, 517–518. The fence built by the defendants was properly ordered to be removed.

*Decree affirmed with costs.*