BARBARA BARRETT *vs.* JOSEPH DUCHAINE.

Essex.    October 21, 1925. — November 24, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Way*, Private, By necessity.

The owner of two lots of land and a double house, facing southerly on a public street, part of which was on one lot and part on the other, conveyed the easterly lot and the part of the house thereon by a deed "together with a right of way over a strip of land lying . . . [west of the westerly lot] and at present used as such." The strip referred to was nine and eight tenths feet wide. At the time of the conveyance, a clothes reel and a spreading shrub were so located with respect to the right of way that it could not be used for passage of a vehicle, and this condition continued for sixteen years and was recognized by the parties in the placing of other shrubs and the building by the owner of the easterly lot of a fence between the rear lots with an opening only three or four feet wide and with a gate which had to be lifted by one desiring

to pass through. A subsequent owner of the easterly lot, desiring to build a garage on his rear lot and having no means of egress to the street except over the westerly lot, took down the dividing fence and began to use the passageway for traffic by motor vehicle, and the owner of the westerly lot brought a suit in equity to enjoin him and to have the right of way, if any, defined. A judge who heard the suit found and ruled that the defendant was not entitled to a way by necessity for vehicles and that, interpreting the terms of the grant in the light of the facts showing the nature and condition of the passageway, the manner in which it had been used, and the purpose which the parties had in view, the way was intended only for traffic on foot. The evidence was not reported. *Held*, that

(1) The rulings were warranted;

(2) The language of the deed did not as a matter of law grant a right of way over the whole of the strip of land described, but had reference only to the area in which the way was to be located.

BILL IN EQUITY, filed in the Superior Court on August 20, 1924, seeking to enjoin the defendant from a continuing trespass upon land of the plaintiff under a claim of right of way and to have defined what right of way, if any, the defendant had over the plaintiff's land.

In the Superior Court, the suit was heard by *Walsh*, J. Facts found by him are described in the opinion. By order of the judge, a final decree was entered as follows:

"1. That the defendant is not entitled to use the premises of plaintiff for driving his automobile or any other vehicle to and from his premises in the rear of that part of house occupied by him or over any other part of the plaintiff's land.

" 2. That the defendant has no way of necessity over the plaintiff's land.

"3. That defendant is entitled only to a right of way on foot over such walk as plaintiff may designate for that purpose, and in lieu thereof over a strip of land not exceeding three feet in width next adjoining the two tenement building owned by plaintiff and defendant which is located on plaintiff's land.

"4. That defendant be and hereby is enjoined and restrained from removing or disturbing the fence erected by plaintiff in rear of their two family house.

"5. That the defendant be and hereby is enjoined from driving or operating any vehicle over, upon or through, the land of the plaintiff.

"6. That the plaintiff recover the costs of this suit to be taxed by the clerk."

The defendant appealed.

*J. J. Fox, Jr.,* for the defendant.

*J. S. Eastham,* for the plaintiff.

SANDERSON, J.  The plaintiff and the defendant own adjoining lots bounding southerly on Easton Street in Lawrence, upon each of which a part of a double house is located, the plaintiff occupying the west side and the defendant the east.  In the rear of the defendant's house is an open lot upon which he is intending to build a garage and he claims a right of way on foot, with automobiles and other vehicles, from the open lot over the plaintiff's land in the rear and on the westerly side of the house to Easton Street.  The easement, as defined in the deed to the defendant's predecessor in title in 1905 from the then owner of both lots, is in the following words: "together with a right of way over a strip of land lying between two houses on premises this day conveyed to me by said grantee herein, and at present used as such." Shortly after this conveyance, the husband of the grantee named therein built a fence beginning at the rear of the house and running northerly on the line between the lots now owned by the plaintiff and the defendant to the limit of the lots.  In this fence an opening about three or four feet wide was made, with a gate which had to be lifted out when a person desired to pass through.  There was also erected on the westerly side of the house, when it was owned by the plaintiff's predecessor in title, a similar fence (with opening and gate) which ran to the westerly line of the lot, and was located about fifty feet from Easton Street.  When the first conveyance was made, a shrub with a spread of about four feet was growing in the center of the area between the plaintiff's house and the westerly line of the lot.  This shrub, and a clothes reel extending out from the house, remained in the yard from 1905 until 1921, and were so located with reference to the house and other shrubs and plants set out after the conveyance in 1905 that a vehicle could not be operated over that area without contact with the shrub first mentioned.  From the plan annexed to the findings it ap-

pears that the distance between the westerly line of the plaintiff's lot and the nearest part of the house is nine and eight tenths feet. Shortly before June, 1921, the fence in the rear of the building was taken down, and the plaintiff replaced it with another having an opening and gate like those in the old fence. The defendant removed a portion of this fence, eight or ten feet in length, next to the house. The only means of egress by automobile from the rear of the defendant's house is over the plaintiff's land. The defendant at the time of the hearing was keeping his automobile on his premises in the rear of the house and driving it in and out over the plaintiff's land.

The judge found from the location on the lot of the objects referred to above that, at the time of the grant, the part of the way now sought to be used for vehicles was impassable for them, and that the subsequent conduct of the parties confirmed him in this finding. The defendant at all times has had adequate means of ingress and egress on foot to and from the easterly side door of his house over a strip of his own land about four feet in width. Upon the facts found the judge ruled that no way by necessity existed and that the obvious purpose which the parties had in mind was a way for traffic on foot, and not for vehicles; that the defendant is not entitled to use the land of the plaintiff for driving his automobile or any other vehicle over it; and that the defendant is entitled to use the plaintiff's premises as a footway only. A decree was entered in conformity to the findings, and provision made therein for the location over the plaintiff's land of a footway next to the building not exceeding three feet in width, for the benefit of the defendant. From this decree the defendant appealed.

Upon the facts in the case no way by necessity could arise. *Carbrey* v. *Willis*, 7 Allen, 364, 368. *Bass* v. *Edwards*, 126 Mass. 445, 448. The trial judge was right in interpreting the terms of the grant in the light of the facts found by him tending to show the nature and condition of the passageway, the manner in which it had been used, and the purpose which the parties had in view. *Rowell* v. *Doggett*, 143 Mass. 483, 488. *Atkins* v. *Bordman*, 2 Met. 457, 464. *Bannon* v.

*Angier,* 2 Allen, 128. *Gerrish* v. *Shattuck,* 128 Mass. 571. *Perry* v. *Snow,* 165 Mass. 23, 29. The evidence is not reported and we cannot say that any of the findings of the trial court are plainly wrong.

In *Rowell* v. *Doggett, supra,* the way granted was a right of passage through to a street but without injuring or destroying any fruit trees then in a bearing state. The court in deciding that upon the facts found a footway only was intended to be granted, said (page 488): "If it should appear that the way was closely planted with fruit-bearing trees, so that it would be impossible for horses and carriages to pass through the way without injuring and destroying the trees, it would, at least, be evidence tending strongly to show that the parties never intended that the way should be so used." The first use of the land owned by the plaintiff for vehicular traffic, so far as appears, was that made by the defendant when, against the protest and remonstrance of the plaintiff, he began to go over it with his automobile. At this time the shrub first mentioned, the clothes reel, and a part of the fence erected by the plaintiff had been removed. It is apparent also that there must then have been some change in the fence running westerly from the plaintiff's house, because an automobile could not have passed through the opening in that fence as originally constructed.

The provision in the deed that the way was to be over a strip of land between two houses did not grant a way over the whole of that land, but had reference only to the area in which the way was to be located. *Short* v. *Devine,* 146 Mass. 119. The facts in the case at bar distinguish it from cases in which it has been decided that, if a way is granted in general terms and there is nothing to control the inference, the grant carries the right to use the way for all reasonable purposes in connection with the dominant estate. *Parsons* v. *New York, New Haven & Hartford Railroad,* 216 Mass. 269. *Dunham* v. *Dodge,* 235 Mass. 367, 371.

In *Crosier* v. *Shack,* 213 Mass. 253, the words "necessary use" in the grant were construed to mean any use that was reasonably necessary in connection with the dominant estate; and the words "as now used" in the same deed were held to

be descriptive of the location of the way and not of the nature and manner of the use. The facts there found were not similar to those in the case to be decided. Upon the findings in the case at bar the conclusions of the trial judge were justified, and the order giving the plaintiff the right to locate the footway, and, in lieu thereof, that the way should be in the place and of the width designated in the decree, was in substantial compliance with the method suggested as appropriate in a case where the parties have not already fixed the limits of a way granted. *McKenney* v. *McKenney*, 216 Mass. 248, 251. *Burnham* v. *Mahoney*, 222 Mass. 524, 529.

The decree is to be modified by stating the amount of the costs which the defendant is required to pay; as so modified it is affirmed with costs of this appeal.

*Decree accordingly.*