Lucy E. Peavey *vs.* Mary B. Moran.

Suffolk.   March 4, 1926. — June 3, 1926.

Present: Rugg, C.J., Crosby, Pierce, Carroll, & Wait, JJ.

*Equity Jurisdiction,* To enjoin continuing trespass, To enjoin infringement
   of easement.   *Evidence,* Extrinsic affecting writings.   *Deed.   Adverse
   Possession.   Way,* Private.

One, who owned certain land in 1893, caused a plan showing subdivisions
   thereof to be recorded.   During his ownership, he built a fence between
   two of the subdivisions indicating it to be the dividing line between
   the two parcels as considered by the then owner.   The fence did not
   coincide with the division line as shown on the plan.   The two sub-
   divisions were conveyed to different grantees in 1921.   All conveyances
   were by the plan and were explicit and free from ambiguity.   In 1921
   the grantee of one of the subdivisions consented to the removal of the
   fence because of its decayed condition.   Later the owner of the other
   subdivision built a fence on the dividing line shown on the plan.   The
   owner of the first subdivision, contending that the new fence was upon
   his land, sought by a bill in equity to have it removed.   *Held,* that
      (1) Evidence of the intention of the original owner of both parcels
   in erecting the first fence was not admissable to vary the unambiguous
   deeds;
      (2) A contention that a title accrued in the plaintiff by adverse
   possession, based on the erecting of the fence by his predecessor in
   title,who then owned both parcels, and its maintenance by him and by
   the plaintiff, was without foundation.
The same deeds above described gave to the grantee the use of a passage-
   way delineated on the plan.   *Held,* that the grantee was entitled to the

use of the passageway within the limits indicated by the plan, unobstructed throughout its entire width, and to a decree directing the defendant to remove steps and six inches of a porch erected by the defendant and encroaching thereon.          -

BILL IN EQUITY, filed in the Superior Court on December 5, 1924, to require the removal of certain fences and other structures alleged to be encroaching on land and easements of the plaintiff.

The suit was referred to a master. Material facts found by the master are stated in the opinion. Exceptions by both parties were overruled and relief was given in a final decree entered by order of *McLaughlin,* J., as described in the opinion. The defendant appealed.

*T. P. O'Connor,* for the defendant.

*D. F. McCormack,* for the plaintiff.

CROSBY, J. This is a bill in equity to enjoin the defendant from obstructing two passageways, ten and four feet wide respectively, appurtenant to the estate of the plaintiff; for an injunction to restrain the defendant from constructing certain steps and piazzas on her adjoining premises which, it is alleged, will encroach upon the plaintiff's rights in one of the passageways; to enjoin the maintenance of a fence alleged to have been erected on the plaintiff's land, and for damages because of such alleged interferences and encroachments. The case was referred to a master who has filed a report; the evidence is not reported. A final decree in favor of the plaintiff has been entered in accordance with an order of a judge of the Superior Court, from which the defendant appealed.

The land of the plaintiff with the buildings thereon is numbered 274½ Norfolk Street, in Dorchester, in the city of Boston. The defendant is the owner of land, with the buildings thereon, numbered 274 and 276 on the same street. Before 1875 all these parcels were owned by one Dorr who conveyed them in 1876 by warranty deed to Petronella P. Lynch. In 1893 the latter caused a plan of the entire tract to be prepared and recorded. In 1912 the city of Boston widened Norfolk Street, taking three hundred and eighty-four square feet off these premises for that purpose. By

deed dated February 15, 1921, and duly recorded, the same premises, less the land so taken by the city, were conveyed through a mesne conveyance to one Pope. By deed dated October 19, 1921, and duly recorded, Pope conveyed a parcel of this land to the plaintiff; the deed referred to the Lynch plan, the land being described as containing according to the plan sixteen hundred and five square feet, "together with the benefit of a right of way over passageways ten (10) feet and four (4) feet wide as shown on plan hereinbefore mentioned, in common with others entitled thereto." By deed dated November 14, 1921, and duly recorded, Pope conveyed to the defendant one of the parcels she now owns, it being recited in the deed that the parcel is subject to the above named rights of way. The defendant also came into possession of a parcel shown on said plan as 276 Norfolk Street, lying north of the land owned by the plaintiff. This parcel was in 1921 owned by one Corbett, and was conveyed in 1924 by one Elword to the defendant; the deed included "the right to use the ten foot passageway above mentioned in common with others entitled thereto," and referred to the Lynch plan.

The master found that, in November, 1921, Corbett and the husband of Mrs. Peavey, with her consent, removed a fence between their respective parcels because of its decayed condition; that the fence had been built by Lynch during the ownership of his wife of the entire parcel, "indicating that to be the dividing line between the two parcels at 276 and 274½ Norfolk Street as considered by the then owner." He further found that no fence existed between the plaintiff's and defendant's land (A and B as shown on the plan) from the date of such removal until November, 1924, when the defendant caused a wire fence to be erected between the parcels A and B at the location E-M (as shown on plan Exhibit 2), approximately four and a half feet nearer the plaintiff's dwelling than the fence removed in 1921 and parallel thereto. The master also found that the original fence (shown on plan Exhibit 2 as J-K) was maintained for more than twenty years; that the present fence (E-M as shown on plan Exhibit 2) "is now located (disregarding the houses) according

to the figures of the measurements of her [the plaintiff's] parcel and of parcel B as shown on the 1893 plan, although not according to the ground as it existed at the time of the recording of that plan"; and that the plaintiff has "at the present time the same measurements of bounds and the same number of square feet in her parcel as was granted her by the deed from Pope."

In dealing with this question the trial judge stated, "It is fairly to be inferred from the master's report that when the original owner of both lots built the fence he intended that it should constitute their boundary line; that the defendant's predecessor in title in removing the fence with the consent of the plaintiff recognized it as the true line; that in the absence of any finding to the contrary, the plaintiff continued to occupy and use the land to the line of the old fence until the defendant built the new one; and that the line of this old fence, located and marked upon the earth by the parties in interest, was recognized and acted upon as the true line." The judge accordingly ordered that a decree be entered requiring the defendant to remove the fence.

We are of opinion that this part of the decree is erroneous. In all the deeds material to the issues involved the Lynch plan is referred to. The defendant located the fence on the boundary as designated on the Lynch plan. The description in the deed to the plaintiff was explicit and free from ambiguity; consequently parol evidence was not admissible to vary or contradict it. The fact that the original fence was removed in 1921 by the plaintiff's husband and Corbett (who then owned the parcel now owned by the defendant) with the consent of the plaintiff, cannot affect the rights of the parties. If Mrs. Lynch believed the old fence to be the boundary between the parcels when she owned both of them, evidence to that effect was not admissible to establish a boundary contrary to that which was clearly shown by the deed. This is not a case where the true line is doubtful and uncertain, as appeared in *Hathaway* v. *Evans*, 108 Mass. 267, 269, cited by the trial judge; in that case the trial judge correctly instructed the jury that they were to determine where the true line of division between the parcels was in fact, and

that if they found the line between the lots had been run out, located and marked upon the earth by the parties in interest many years ago, and afterwards recognized by them as the true line, that line must be regarded as the true line, though it may have been afterwards ascertained that it varied "from the course as now run out from the original laying out." Nor is the decision in *Coyle* v. *Cleary*, 116 Mass. 208, applicable to the facts in the case at bar. It was there held that, the boundary line between adjacent lots being in dispute, a stone wall that had stood for more than twenty years, and had been treated by the owners as a division wall, was evidence of the true line although the wall was not referred to as a monument in any deed. *Beckman* v. *Davidson*, 162 Mass. 347, is not in point as the tenant had acquired title by adverse possession; and also for the reason that it was there held that in effect an ancient fence erected or to be erected and referred to in the deed, as a monument would mark the boundary of the land. See also *Morrison* v. *Holder*, 214 Mass. 366.

The above cases are to be distinguished from the case at bar on the ground that the boundary lines as stated in the deeds were ambiguous, or that the doctrine of adverse possession applied, or that a monument was described in the deed. In the present case no reference is made in the deed to a monument. *Temple* v. *Benson*, 213 Mass. 128, and *Cashman* v. *Bean*, 226 Mass. 198, cited by the plaintiff, are cases in which monuments are clearly set forth in the deeds.

The finding of the master that the plaintiff has at the present time "the same measurements of bounds and the same number of square feet in her parcel as was granted her by the deed from Pope" shows that the fence marked E-M on Exhibit 2 is not located on her land, which land is clearly and definitely described in her deed. The case in this aspect is governed by *Van Ness* v. *Boinay*, 214 Mass. 340, 343, and cases there collected. *Tolman* v. *Sparhawk*, 5 Met. 469, 477. *Proctor* v. *Putnam Machine Co.* 137 Mass. 159. *Iverson* v. *Swan*, 169 Mass. 582. The plaintiff, as shown by the plan which is referred to in her deed, has no title to the land between the original fence and that shown as E-M.

Both parcels were owned as a single parcel until the year 1921, when Pope first divided the land by the conveyance to the plaintiff. It is plain that a person cannot hold land adversely to himself. It follows that, upon the findings of the master and the reasonable inferences to be drawn therefrom, the plaintiff shows no title by prescription.

As to those parts of the decree directing the defendant to remove the steps and six inches of the porch erected by the defendant and shown on Exhibit 2, and fences obstructing the passageways as shown on the plan Exhibit 1, it was found by the master that the passageways as shown on the 1893 plan were obstructed by these structures. The plaintiff was entitled to the use of the passageways within the limits indicated by the plan unobstructed throughout their entire width. *Gray* v. *Kelley*, 194 Mass. 533. *New York Central Railroad* v. *Ayer*, 239 Mass. 70, 77, and cases cited. We cannot say that the findings of the master were plainly wrong; accordingly they must stand. *Hamilton* v. *Coster*, 249 Mass. 391, 395.

The result is that the final decree is to be modified by omitting therefrom the first paragraph directing the defendant to remove the fence erected by her and shown on Exhibit 2 of the master's report as extending from point E to M. As so modified the decree is to be affirmed with costs of the appeal.

*Ordered accordingly.*