PAUL TOMASKY ET UX.
*vs.*
MARY ESTHER RAYMOND

Court of Common Pleas     Fairfield County     File No. 39924

MEMORANDUM FILED DECEMBER 3, 1940.

*J. Robert Beecher,* of Bridgeport, for the Plaintiffs.

*Earl H. Jagoe,* of Westport, and *Keogh & Candee,* of South Norwalk, for the Defendant.

SWAIN, J. On June 10, 1914, Alfred Maddock and Domenic Vetromile acquired by deed (Exhibit A) ten acres of undeveloped farm land in Westport, and thereafter divided the tract into building lots, a map of said tract (Exhibit B) being recorded in the town clerk's office on June 30, 1914.

On said map two private roads were laid out, one designated as First Avenue, now known as Rockwell Place, and the other designated as Second Avenue, now known as Rumpenmile Avenue; each of said private roads was shown to be 30 feet in width.

The plaintiffs are the owners in fee simple and in possession of lots 6, 7, 29 and 30 on said map, which said property is bounded on the west by the public highway known as West Parish Road, on the north by Rockwell Place and on the east by Rumpenmile Avenue. On these lots is located the dwelling occupied by the plaintiffs.

The defendant is the owner in fee simple and in possession of the major portion of lot 5, as shown on said map, said property being bounded on the west by West Parish Road and on the south by Rockwell Place. On this lot there is located a house and a garage.

The plaintiffs acquired title to said lots 6, 7, 29 and 30 by deed from Richard McNally et al. on June 1, 1934 (Exhibit O). McNally acquired title by deed from Alfred Maddock on August 1, 1925 (Exhibit N). Alfred Maddock acquired title by deed from Elizabeth Maddock by deed on August 18, 1924 (Exhibit M).

The defendant acquired title to said lot 5 by deed from the Westport Bank and Trust Company on August 26, 1938 (Exhibit K). The Westport bank acquired title by deed from Alfred Maddock on February 6, 1935 (Exhibit I). Alfred Maddock acquired title by deed from Elizabeth Maddock on August 18, 1924 (Exhibit F).

Title and possession of both plaintiffs' property and the defendant's property were thus in Alfred Maddock from August 18, 1924 to August 1, 1925. Elizabeth Maddock acquired title to lots 6, 7, 29 and 30 on July 12, 1920 (Exhibit L) and title to lot 5 on December 21, 1917 (Exhibit E). Title and possession of both properties were thus in Elizabeth Maddock from July 12, 1920 to August 18, 1924.

The deed (Exhibit L) by which Elizabeth Maddock acquired title to lots 6, 7, 29 and 30, among other designated lots in the tract, contains the following recital: "together with the rights to Rumpenmile Avenue and Rockwell Place as shown on said map." It appears therefrom that this deed conveyed to Elizabeth Maddock the fee in said private roads. All of the deeds in the chain of title to both properties make reference to the map (Exhibit B) on which said private roads are shown as being 30 feet in width. Several of the lots abut on Rumpenmile Avenue, as shown on said map, and are owned by various persons who have houses and garages built thereon. Rockwell Place and Rumpenmile Avenue are used by the plaintiffs and the defendant, together with other property owners on said tract, to drive and pass over in going to their properties. These streets are also used by tradespeople.

Before the trial was completed, the court, with counsel, viewed the tract in question including the private ways known as Rockwell Place and Rumpenmile Avenue. Rockwell Place, as shown on said map, with the exception of the portion alleged to be appropriated by the defendant and her predecessors in title, is available for use as a road for its entire width. Rumpenmile Avenue, as shown on said map, is available for use as a road for its entire width. Apparently neither

one of these two private ways has been worked to its entire width. The travelled portion of Rockwell Place is about ten feet wide, and is rough but passable most of the time. There are grass shoulders on either side of the traveled portion. The shoulders, for a distance of 55 feet, where the defendant and her predecessors are alleged to have appropriated a portion of the road, are two feet in width. The travelled portion, with the shoulders, affords barely sufficient room for two autos to pass under the most favorable conditions.

In the opinion of the court, both Rockwell Place and Rumpenmile Avenue are necessary to the plaintiffs and the defendant for use in connection with their respective properties. The plaintiffs' claims are that prior to the commencement of this action the defendant's predecessors in title appropriated to their own use a portion of Rockwell Place 16 feet wide and 55 feet long. The natural contour of the portion of Rockwell Place which adjoins lot 5 showed a downward slope for a distance of about 20 feet and contained outcroppings of ledge surrounded by grass. The defendant's predecessors used this portion of the road as part of their lawn and mowed the grass thereon. In 1919 or 1920, Elizabeth Maddock or her husband erected a retaining wall alongside of the approach to her garage at the rear of her house on lot 5, which wall extended into Rockwell Place and was designed to keep the earth from the west from falling into the approach to the garage. From this wall, Alfred Maddock built a retaining wall in 1927, running along Rockwell Place a distance of 55 feet and extending southerly from lot 5 and into Rockwell Place a distance of 16 feet.

The plaintiffs seek an injunction restraining the defendant from maintaining the encroachments erected by the defendant's predecessors in title on Rockwell Place, and that the defendant be ordered to cause said road to be open for travel for its entire width of 30 feet.

The defendant claims that she and her predecessors have acquired title by adverse possession to the portion of Rockwell Place alleged to have been encroached upon, and that the plaintiffs and their predecessors have abandoned their rights to said portion of the road and are now estopped from asserting their claimed rights.

To have acquired title by adverse possession, the adverse

use by the defendant and her predecessors must have commenced and been continuous for 15 years prior to the institution of this action on February 8, 1939.

Title and possession of both the plaintiffs' property and the defendant's property having been in Alfred Maddock from August 18, 1924 to August 1, 1925, and in Elizabeth Maddock from July 12, 1920 to August 18, 1924, the maintenance of the encroachments cannot be considered to have been adverse during said periods. A person cannot hold land adversely to himself. *Manning vs. Smith*, 6 Conn. 289, 291; *Peavey vs. Moran*, 256 Mass. 311, 316; *Thompson, Real Property* (Perm. ed. 1939) §421; 2 C.J.S. *Adverse Possession*, §§6, 95.

If any adverse use of the road existed, the continuity of the adverse use was broken during the time when both parcels were owned, first by Elizabeth Maddock and again by Alfred Maddock, up to August 1, 1925, so that no continuous adverse possession for 15 years can be found.

As to whether the maintenance of the encroachments on Rockwell Place by the defendant's predecessors was under a claim of right, it may be noted that all of the deeds in the chain of title to the defendant's property, except the deed to the defendant, describe the defendant's property as being bounded southerly on Rockwell Place as shown on the map (Exhibit B) and further all of said deeds, which recite the dimensions of lot 5, describe the easterly boundary as being 77 feet, which does not include the encroachments.

Furthermore, it would appear that the defendant is estopped from asserting that the plaintiffs are not entitled to enjoy the use of Rockwell Place for its entire width of 30 feet as shown on the map (Exhibit B). The deed (Exhibit N) from Alfred Maddock to Richard and Mary A. McNally, the plaintiffs' grantors, described the plaintiffs' property as being bounded "northerly by Rockwell Place as shown on said map." Said Maddock was estopped by the recital in said deed from claiming that his grantees did not acquire an easement in Rockwell Place for its full width, as shown on said map. *Billings vs. McKenzie*, 87 Conn. 617, 620; 2 *Thompson, Real Property* (Perm ed. 1939) §479.

Said Maddock was, at the time of said deed (Exhibit N), the owner of the defendant's property (lot 5) and a predecessor in title of the defendant. The estoppel which pre-

cludes Maddock likewise precludes the defendant. *Stow vs. Wyse*, 7 Conn. 214, 220.

It is well settled that when a lot owner purchases a lot in a development where streets are shown upon a plan or map, he acquires the right to the use of such streets as are shown to be of benefit to him, and the right to have such streets kept open for use in connection with his land. *Whitton vs. Clark*, 112 Conn. 28, 32; *Merino vs. Fish, Inc.*, id. 557, 560; *Lucy vs. Oram*, 114 id. 642, 647.

The lot owner is also entitled to have such streets of the width mentioned on the map remain open and unobstructed. 2 *Thompson, Real Property* (Perm ed. 1939) §574, footnote 34.

It appears clearly that the use of Rockwell Place and Rumpenmile Avenue were of benefit to the plaintiffs in the use of their property, and under any theory the plaintiffs have the right to have said streets open for their use.

The circumstances do not disclose an abandonment by the plaintiffs or their predecessors of their easement in said streets. Nor are the plaintiffs prevented by reason of laches from enforcing their easement. The plaintiffs are seeking protection against a violation of a present vested right. Nothing has been shown which would justify the application of the doctrine of laches. *Richardson vs. Tumbridge*, 111 Conn. 90; 2 C.J.S. *Adjoining Owners* §36(e); 21 C.J. *Equity* §213, p. 215.

The issues are found for the plaintiffs.

Taking up the prayers for relief, I find that the plaintiffs have failed to prove damages, and therefore allow nominal damages of $1 and costs.

A decree may be entered authorizing the plaintiffs to remove the encroachments on said Rockwell Place to make available to them the use of their easement in Rockwell Place for its full width of 30 feet as disclosed on said map (Exhibit B) and enjoining the defendant from interfering with the plaintiffs in so doing, unless the defendant shall remove said encroachments on or before May 1, 1941.