MARIE LOUISE BEAUDOIN *vs.* JOHN SINODINOS & others.

Hampden.    November 9, 1942. — April 1, 1943.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Way,* Private: extent, enforcement.    *Deed,* Construction.    *Trespass.* *Equity Jurisdiction,* Trespass.

Following a reservation of a right of way over a parcel described by metes and bounds, deeds, transferring the right and each specifying it to be "a right of way in land now or lately by . . . [a named person who had formerly been owner of such parcel] described as follows," with a description of the parcel by metes and bounds, gave the last grantee the identical right which had been reserved originally; there was no merit in a contention that the deeds should be construed as though reading "a right of way in land now or lately established by" the named person and that therefore they gave the last grantee a right in only a portion of such parcel.

In the circumstances, a right of way reserved over a parcel described by metes and bounds was over the entire parcel so described and not merely over a suitable location to be fixed within the boundaries of the parcel, although the only means of access to the highway from the parcel was a connecting passageway much narrower than the parcel.

The owner of a parcel of vacant land, to which an appurtenant right in a passageway was a valuable adjunct although not presently being used, was entitled in equity to a decree ordering the removal of a part of a building erected by the servient owner which substantially encroached upon the passageway.

BILL IN EQUITY, filed in the Superior Court on July 30, 1940.

The suit was heard by *Donnelly,* J.

The lands in question in the suit are shown on a sketch, shown on page 512, which includes the material features of a plan in evidence at the hearing. The property of the defendant includes the "Third Parcel," shown on the sketch as in part shaded and in part crosshatched, and included within the letters A–B–C–D–E–F–G–H–A. The plaintiff claimed a right of way over all of such "Third Parcel" and that the defendant had encroached thereon in the area shown as crosshatched.

In this court the case was submitted on briefs.

*J. A. Nowak,* for the defendant Sinodinos.

*A. R. Simpson, C. R. Clason & G. J. Callahan,* for the plaintiff.

DOLAN, J.  This is a bill in equity brought against the defendants John Sinodinos, the Chicopee Falls Savings Bank, and The Great Atlantic and Pacific Tea Company, by which the plaintiff seeks to compel the defendant Sinodinos to remove from certain land over which the plaintiff claims a right of way, a portion of a structure alleged to have been erected thereon by Sinodinos, and also prays for certain relief against the defendant The Great Atlantic and Pacific Tea Company.  The evidence is reported and the trial judge filed a statement of "Findings, Rulings and

Order for Decree," and a final decree was entered by another judge of the Superior Court, dismissing the bill as to the defendant Chicopee Falls Savings Bank, commanding the defendant Sinodinos to remove from the parcel of land in question "the building as is therein constructed," and permanently enjoining the defendants Sinodinos and The Great Atlantic and Pacific Tea Company from interfering with the plaintiff's use of "Parcel Three as described in said Bill of Complaint, in accordance with the grants of rights of way." Sinodinos alone appealed. He will be referred to hereinafter as the defendant.

Since the evidence is reported it is the duty of this court to decide the case upon its own judgment of the evidence, giving due weight to the findings of the trial judge, which will not be reversed unless plainly wrong. *Tuells* v. *Flint,* 283 Mass. 106, 108–109. *Blair's Foodland Inc.* v. *Shuman's Foodland, Inc.* 311 Mass. 172, 174, and cases cited.

The following facts are disclosed by the evidence: The plaintiff is the owner of record of a lot of land on Main Street, in Chicopee Falls, which was conveyed to her by the Socony-Vacuum Oil Company, Incorporated, by deed dated May 7, 1940. The defendant is the owner of record of a parcel of land adjoining in part the plaintiff's parcel. The defendant acquired title to his premises by quitclaim deed from the Chicopee Falls Savings Bank, dated August 10, 1939. The plaintiff's and the defendant's parcels were formerly owned by one Enright. By deed dated May 1, 1923, the heirs of Enright conveyed to one Desplaines the parcel of land to which the defendant now holds title, reserving "to themselves and their heirs and assigns as appurtenant to their remaining land not hereby conveyed, the right to use for all purposes of a passageway in common with the grantee and those claiming under him so much of the above described premises as is described as follows:" Then follows a description by metes and bounds of a certain portion of the tract now owned by the defendant over which the plaintiff claims the right of way. That portion of the tract will be referred to hereinafter as the third parcel, that being the manner in which it is designated in con-

veyances now to be referred to. By deed dated April 21, 1924, the Enrights conveyed to Michael Lynch the parcel of land now owned by the plaintiff and, in that conveyance under "Third Parcel," conveyed to Lynch also all their right, title and interest in that portion of the tract in question, describing it by metes and bounds. Lynch conveyed the premises by deed dated August 2, 1926, to the Standard Oil Company of New York (later the Socony-Vacuum Oil Company, Incorporated), wherein, as to the third parcel, he conveyed "all right, title and interest of the Grantor in and to a right of way in land now or lately by Desplaines, described as follows:" The description was that of the third parcel by metes and bounds. In the deed of the Socony-Vacuum Oil Company, Incorporated, to the plaintiff conveyance was also made as follows: "*Third Parcel* All the right, title and interest of the Grantor in and to a right of way in land now or lately by Desplaines described as follows:" The description is that of the third parcel by metes and bounds, all the premises conveyed being described as derived by the grantor from Lynch in 1926. The deed to the defendant from the Chicopee Falls Savings Bank, which had acquired the property in question by foreclosure of mortgage, referred to the deed from the Enrights to Desplaines, and set forth that the grant to the defendant included "all rights of way and other easements appurtenant to the premises above described and Subject to all rights of way and other easements set forth in said deeds and in the deeds therein referred to." Those deeds described the third parcel by metes and bounds.

When the plaintiff acquired her title on May 7, 1940, there was a brick building on land of the defendant abutting upon the third parcel. In May of 1940, the building was leased to The Great Atlantic and Pacific Tea Company, and by agreement with it the defendant employed one Ducharme, a mason, to build two brick extensions to the building, one of which encroached upon the third parcel and is the structure complained of by the plaintiff. The extension in question is eight by eighteen feet in dimensions and is located on the third parcel. No complaint is made by the

plaintiff as to the other extension of the defendant's building, since it does not encroach upon the right of way. There was evidence that, during the course of construction of the extensions in question, steel girders and other building materials were placed on the plaintiff's property (vacant land), and that her counsel wrote to the defendant on May 27, 1940, notifying him to remove them and not to use her premises for any purpose. No reference was made in this letter to her right of way, and no further communication was had by her with the defendant prior to the bringing of the present suit on July 30, 1940. The testimony was conflicting with respect to whether work had been started on the encroaching structure when the letter, above referred to, was sent to the defendant. The plaintiff testified that at that time the construction of the structure complained of had not been begun, but there was evidence tending to show that on that date the outside of that structure had been completed. There was evidence that, before the work on the structure in question began, there had been loading platforms, stairways and hatchways extending some four or five feet into the third parcel, but this was permissible under the terms of the conveyance by the Enrights.

There was evidence that a gasoline and service station had been operated formerly on the plaintiff's land, and that trucks had made use of the right of way over the third parcel, but seldom over that portion where the structure complained of stands. The evidence was conflicting as to the value of the plaintiff's land both with and without the structure in question. The plaintiff testified that she intended to erect stores and apartments on her land, and that the structure in question would block off the rear entrances to one of the stores and apartments in the proposed building. The judge found that, although the plaintiff was not making any present valuable use of the right of way, it was a valuable adjunct and might well constitute a valuable selling point in connection with possible uses to which the plaintiff's property might be put.

The judge stated in his findings that the plaintiff had a right of way over the entire area of the third parcel as de-

scribed in the conveyances to which we have referred; that the building in question is a continuing encroachment extinguishing her right of way over an area eighteen feet wide by eight feet deep in derogation of her rights; that she had not been guilty of laches and was entitled to have the "nuisance" abated by the removal of that part of the building within the third parcel, and ordered the entry of a final decree to that end.

An examination of the evidence satisfies us that none of the findings of fact of the trial judge can be said to be plainly wrong. The only issue presented for determination therefore is whether, upon the facts disclosed by the evidence, there is error of law in the decision of the judge. The defendant has argued that the plaintiff has failed to show that the rights reserved by the common grantors in the third parcel "continued through her predecessors in title and vested in her." This contention is based upon the ground that the words of conveyance of the rights in the third parcel to the plaintiff, "All the right, title and interest of the Grantor in and to a right of way in land now or lately by Desplaines described as follows:" are ambiguous by reason of the words "by Desplaines." It is apparent that some word was omitted in the pertinent deeds beginning with that of Lynch to the Standard Oil Company of New York. The defendant suggests that the word omitted was probably the word "established," so that the deed should be construed to read a right of way in land now or lately "established by Desplaines," and that thus the grant to the plaintiff was of something less than the reservation by the Enrights. There is no merit in this contention. A reading of all the pertinent deeds in the chain of the plaintiff's title demonstrates that the judge was right in concluding that the plaintiff had succeeded to the identical rights that had been reserved by the Enrights in the third parcel, described by metes and bounds in each of those conveyances.

The defendant has also argued that the right of way reserved by the Enrights was not of a right of way over the entire area of the third parcel, but that the description thereof merely defines the tract within which the right of

way is to be located, and that the right of way is to be determined by the character of the property granted, and that by virtue of the facts that to the west of the plaintiff's land, adjoining that of one Moggio, there is a ten-foot right of way leading into the third parcel from which the plaintiff has an outlet to the street, and that this is the only outlet from the third parcel to the street, it was never contemplated that there would be heavy or two-way traffic over the third parcel, and hence that the right of way is not over the whole area of the third parcel. In support of this position the defendant relies upon *Johnson v. Kinnicutt*, 2 Cush. 153, *Short v. Devine*, 146 Mass. 119, *O'Brien v. Murphy*, 189 Mass. 353, *Lipsky v. Heller*, 199 Mass. 310, and *Barrett v. Duchaine*, 254 Mass. 37. In all of those cases it was held that the words in the grants described the close in, through and over which the plaintiffs should have a right of way, but that they did not describe the limits of the way granted, and that, therefore, the grants were but of a convenient way within those limits adapted to the convenient use and enjoyment of the land granted, for any useful and proper purpose for which that land might be used. And in *Johnson v. Kinnicutt*, 2 Cush. 153, it was held that whether a right of way over the entire space or one merely within the defined space was granted depends upon a just construction of the grant.

In *Gray v. Kelley*, 194 Mass. 533, two tenants in common laid out a private way twenty-four feet wide and executed and recorded a declaration describing this way by metes and bounds, stating therein that they did "set apart and appropriate forever the land occupied by said way twenty-four feet wide as a private way for all the present and future abutters thereon." From time to time thereafter they made conveyances of land adjacent to this way in which they gave each grantee " ' a right to pass and repass at pleasure over any part of said private way of twenty-four feet wide adjoining the premises' conveyed." The court held that "The deeds give a right to have a way, in common with others, whose limits and boundaries are defined, all of which is appropriated and set apart for this use. We

think that the language quoted from the deeds, as well as the language of the declaration, requires that the way, throughout its entire width, should be left unobstructed. This seems to be its natural meaning, and similar language has been given such a meaning in the decisions." Page 535. A similar construction was placed upon the words of grant in *Siegel* v. *Starzyk*, 238 Mass. 291, *Peavey* v. *Moran*, 256 Mass. 311, and *Carter* v. *Sullivan*, 281 Mass. 217. In the case last cited the grant was of the right to "the free use and privilege of said passageway" in common with others, and the court said that "under this language as applied to a defined passageway the plaintiff was entitled to use the passageway for such purposes throughout its entire width . . . [and that cases] like *Short* v. *Devine*, 146 Mass. 119, and *Barrett* v. *Duchaine*, 254 Mass. 37, 41, are distinguishable." Page 223.

In the present case we think that the terms of the deed by the Enrights to Desplaines, followed in the subsequent conveyances, clearly disclose that the grantors intended to and did set apart for a right of way the entire area of the third parcel. That is the plain import of the language of the deed, which states that the "grantors reserve to themselves and their heirs and assigns as appurtenant to their remaining land not hereby conveyed, the right to use for all purposes of a passageway in common with the grantee and those claiming under him so much of the above described premises as is described as follows:" that is, by exact metes and bounds. This construction is further fortified by the provision in the deed limiting the extent to which loading platforms, hatchways and window areas could project into the passageway. There was no error in the conclusion of the trial judge that the plaintiff's right of way was coextensive with the boundaries of the third parcel.

The remaining contentions of the defendant are that the plaintiff is barred from equitable relief because she knew of the construction of the building in question when she purchased her lot, or at least before May 27, 1940, and that she has an adequate remedy at law since it would be a particular hardship to compel the removal of the structure,

in view of the slight benefit that would result to the plaintiff. The answer to the first contention is that the evidence with relation to whether the building was in course of construction when the plaintiff purchased her lot, or on May 27, 1940, when she wrote to the defendant, was conflicting. The credibility of the witnesses was for the trial judge, and he expressly found that the plaintiff had not been guilty of laches. The present suit was brought promptly. The question of laches is one of fact, and is as fully open before us on the evidence as it was before the judge. We see no reason, however, for disagreeing with his conclusion. *North Easton Co-operative Bank* v. *MacLean,* 300 Mass. 285, 294. See *Carter* v. *Sullivan,* 281 Mass. 217, 226–227; *Dodge* v. *Anna Jaques Hospital,* 301 Mass. 431, 436–437.

With respect to the second contention, the defendant cannot be heard to complain of hardship. He must be taken to have known of the rights in question that had been reserved in the area of the passageway, and the judge has found in effect that the encroachment upon the plaintiff's right of way is not negligible, but that, on the contrary, the use of the unobstructed right of way is a valuable asset. This finding is supported by the evidence. In *Geragosian* v. *Union Realty Co.* 289 Mass. 104, 109, 110, the court said: "The facts that the aggrieved owner suffers little or no damage from the trespass . . . that the wrongdoer acted in good faith and would be put to disproportionate expense by removal of the trespassing structures . . . are ordinarily no reasons for denying an injunction. Rights in real property cannot ordinarily be taken from the owner at a valuation, except under the power of eminent domain. Only when there is some estoppel or laches on the part of the plaintiff . . . will an injunction ordinarily be refused. . . . The general rule is that the owner of land is entitled to an injunction for the removal of trespassing structures." These principles were followed in *Ferrone* v. *Rossi,* 311 Mass. 591, 593. See also *Lynch* v. *Union Institution for Savings,* 159 Mass. 306, 308. There is nothing in the record to take the present case out of the general rule.

*Decree affirmed with costs.*